# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

RICHARD PURDIE,    )
           )
     Appellant,  )  C.A. No. N13A-11-005 RRC
  v.        )
           )
UNEMPLOYMENT INSURANCE )
APPEAL BOARD,    )
           )
     Appellee.  )

Submitted: April 16, 2014
Decided: June 25, 2014

On Appeal from a Decision of the Unemployment Insurance Appeal Board.
**AFFIRMED.**

## **ORDER**

Richard Purdie, New Castle, Delaware, *pro se,* Appellant.

Catherine Damavandi, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the Unemployment Insurance Appeal Board.

COOCH, R.J.

This 25th day of June 2014, on appeal from a decision of the Unemployment Insurance Appeal Board, it appears to the Court that:

1. Appellant Richard Purdie ("Appellant") worked for Diamond State Port Corp ("Employer") from January 12, 2012 until June 18, 2013.[1] Prior to his work with Employer, Appellant maintains he was employed by Domino's Inc. for a period of two years and collected

---

[1] Division of Unemployment Insurance Appeals Referee's Decision (Oct. 22, 2013) at 2.

unemployment after an alleged wrongful termination.[2]  Appellant began working a "part time casual job" for Employer while still collecting benefits, but stopped his weekly filings "[o]nce he made too much money…so he would not have to owe back to unemployment."[3]  Appellant worked more than 800 hours for Employer in 2013, which qualified him to be a "Chapter B" employee as of January 1, 2014.[4]  Appellant's work for Employer ceased in June 2013 when work slowed.  Appellant worked all hours Employer had available to him.[5]

2. Appellant filed for benefits and was referred immediately to the Appeals Referee for a determination of whether or not he was eligible for benefits.[6]

3. On July 31, 2013, an Appeals Referee held a hearing with Appellant and a representative of Employer.  On August 22, 2013, the Appeals Referee determined that the "as needed" nature of his employment provided "no guarantee of regularity of work and [Appellant had] no expectation of regular employment and income."[7]  "There [was also] insufficient evidence to show that the claimant intended to remain as permanently employed."[8]  The Appeals Referee concluded that Appellant "left his work voluntarily without good cause attributable to such work."[9]  He was therefore disqualified from receipt of benefits.[10]  Appellant timely appealed to the Board.

4. On October 30, 2013, the Board upheld the Appeals Referee's decision as the evidence offered during the Board Hearing was "substantially the same" as that offered to the Appeals Referee and it found no error in the Referee's decision.[11]  Appellant timely appealed the Board's decision to this Court.

---

[2] Appellant's Opening Br. of March 20, 2014 at 1.
[3] *Id.*
[4] "[W]e have Chapter B employees, they are also union employees and they are part time.  They are hired by their seniority and there is no guarantee that, you know, for work for them they are called daily." *Purdie v. Diamond State Port*, Appeal No. 20909684 at 5 (Del. U.I.A.B. July 31, 2013) (TRANSCRIPT).
[5] Appeals Referee's Decision at 2.
[6] Division of Unemployment Notice of Determination (July 8, 2013), claim 20909684.
[7] Appeals Referee's Decision at 3.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Decision of the Unemployment Insurance Appeal Board on Appeal from the Decision of Stephanie K. Parker, Appeal Docket No. 20909684 (Nov. 6, 2013).

5. On March 20, 2014, Appellant submitted his "Opening Brief," which reads, in its entirety:

> To Whom It May Concern,
>
> Richard Purdie worked for Domino's Inc. from 8/2010 to 9/2012. He then was wrongfully let go and won a hearing against them to receive unemployment. He was receiving unemployment for approximately seventeen weeks before he started a part time casual job at the Port of Wilmington. Once he made too much money he stopped filing weekly benefits so he would not have to owe back to unemployment. On June 18, 2013 he was no longer working a part time job for the Port of Wilmington. He never returned to full time employment. He was told to file to receive new benefits through the Port of Wilmington even though that was not his last full time position. Now he is being denied from the Port of Wilmington and Domino's Inc. He should continue to receive unemployment through Domino's until his refile date. The Port only employed him as a casual employee and according to their own testimony he worked all of the hours available to him before trying to refile under Domino's. The last available day to work at the Port as a casual/part time employee was June 18, 2013 where he worked for 855 hours qualifying him for a full time position in January 2014. Thank you for your time and effort to remedy this situation.
>
> Sincerely,
> Richard Purdie[12]

6. On appeal, the Board advised the Court that it would not file an Answering Brief because "[t]he underlying case was decided on the merits, and the Appellant raises only challenges to the Board's decision on the merits."[13] Employer failed to file an Answering Brief but was not named in Appellant's appeal to this Court.

7. This Court's review of an Unemployment Insurance Appeal Board decision is defined by statute. Pursuant to 19 *Del. C.* § 3323(a), "the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law." Superior Court review "is limited to a

---

[12] Appellant's Opening Br.
[13] Letter dated of Apr. 4, 2014 from Catherine Damavandi, Esquire, Deputy Attorney General to the Court.

determination of whether there was substantial evidence sufficient to support the [Board's] findings."[14] Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15] This Court does not weigh evidence or make determinations based on credibility or facts.[16] Reversal based on an abuse of discretion will be found only if "the Board 'acts arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'"[17]

8. This Court finds no legal error or abuse and therefore upholds the Board's decision because substantial evidence exists to support its conclusion. Appellant did not cite any case law or point to anything in the record favoring reversal. He appears to reargue his case on the merits on appeal and points to an alleged previous unemployment claim not related to Employer.

9. Appellant's failure to set forth sufficient facts and supporting legal authorities alternatively and independently warrants dismissal under Superior Court Civil Rule 72(i) because Appellant failed to file a meaningful Opening Brief.[18] "The Court recognizes that some leniency may be given to a *pro se* party in order to assume that a case is fully heard. However, at a minimum a pro se appellant's 'brief[ ] must be adequate to enable an appellate court to conduct a meaningful review of the merits of the appellant's claims.'"[19] Here, the Appellant has failed to meet that standard.

---

[14] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del 1975).

[15] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc*., 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[16] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del 1965).

[17] *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at * 2 (Del. Super. Apr. 30, 2009) (citations omitted).

[18] Super. Ct. Civ. R. 72(i) ("The Court may order an appeal dismissed, sua sponte … Dismissal may be ordered for untimely filing of an appeal, for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statue, or order of the Court or for any other reason deemed by the Court to be appropriate.").

[19] *Texiera v. Tryon*, 2002 WL 1575225, at *1 (Del. Super. July 15, 2002) (quoting *Power v. Myriad Services, Inc.*, 718 A.2d 528, 1998 WL 665022 (Del. July 21, 1998) (ORDER)).

Therefore, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:    Prothonotary
       Unemployment Insurance Appeal Board
       Diamond State Port Corp