## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **DEBRA DOWLIN** | ) | |
| | ) | |
| **v.** | ) | **N13A-10-003 MJB** |
| | ) | |
| **KELLY SERVICES and** | ) | |
| **UNEMPLOYMENT INSURANCE** | ) | |
| **APPEAL BOARD** | ) | |

Submitted: July 9, 2014
Decided: August 5, 2014

*Upon Petitioner's Appeal from the Unemployment Insurance Appeal Board's Decision.*
**AFFIRMED.**

## OPINION

Debra Dowlin, *pro se*, Appellant.

Kelly Services, Appellee

Catherine Damavandi, Esquire, Deputy Attorney General, Wilmington, Delaware, Attorney for Appellee Unemployment Insurance Appeal Board

**BRADY, J.**

# I.      STATEMENT OF FACTS

Debra Dowlin ("Petitioner") worked for Wilmington Trust[1], through Kelly Services. Her expectation was that the job was that of a trust assistant, an individual who "supports…the trust officers and helps out with customers…and doing paperwork."[2] When she began work, she was assigned the responsibility of "three years of back filing."[3] She acknowledged that she was informed that "when people start there, they usually help out with the filing."[4] She contends she was told the filing duties would last a few weeks, but after a month, she was still assigned to file, and her duties included moving large boxes of files, as a result of which she claimed "[her] back finally went out."[5] Petitioner then approached her supervisor and discussed the difference between her duties and the "agreed upon role...a Trust Administrator with the possibility of full time employment at M&T Trust Associates."[6] The director told Petitioner she would continue to do her job as a filing clerk, at which time Petitioner said that she "did not want to be a full-time file clerk."[7] Petitioner alleges that the director became upset when she told him that she was not interested in full-time employment as a file clerk.[8] Petitioner contends she asked the director if he wanted her to leave,[9] the director said "yes" and Petitioner left.[10]

---

[1] The record is unclear precisely which entity employed the Petitioner. She refers to the employer as Wilmington Trust in her testimony before the Board and Appeals Referee, and as M&T Trust Associates in her brief. *Compare* R. at 18, *Dowlin v. Kelly Srvs.* (C.A. No. N13A-10-003) (stating that the employer was Wilmington Trust); *and* Pet'r's Opening Br. at 1, *Dowlin v. Kelly Srvs.* (C.A. No. N13A-10-003) (stating that the Petitioner was employed with M&T Trust Associates).
[2] R. at 38, *Dowlin v. Kelly Srvs.* (C.A. No. N13A-10-003).
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] Pet'r's Opening Br., at 1 *Dowlin v. Kelly Srvs.* (C.A. No. N13A-10-003).
[7] *Id.* at 2.
[8] R. at 20, *Dowlin v. Kelly Srvs.* (C.A. No. N13A-10-003)
[9] *Id.*
[10] *Id.*

The Petitioner filed for unemployment benefits, which were denied, and the Appeals Referee affirmed.[11] The Petitioner then appealed to the Unemployment Insurance Appeal Board ("U.I.A.B."), which denied Petitioner's request for unemployment benefits, finding that Petitioner voluntarily left her employment.[12] Petitioner appeals the U.I.A.B.'s decision in order to receive unemployment benefits and avoid having to reimburse benefits received prior to the U.I.A.B.'s decision.

## II. PETITIONER'S CONTENTIONS

Petitioner asserts that she "did not quit,"[13] but was asked to leave, and should not be denied benefits. Petitioner also presented "new" evidence consisting of email correspondence with Gigi Traynor, an employee of Kelly Services.[14] Petitioner also notes that she is unable to pay back the money she already received prior to the U.I.A.B.'s ruling.

## III. STANDARD OF REVIEW

The standard under which a court reviews a decision of the Board is deferential.[15] The Board's decision is only to be disturbed in very limited circumstances.[16] In reviewing a decision on appeal from the Board, the Court must determine if the decision is supported by substantial evidence and is free from legal error.[17] Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[18] Further, a showing of substantial evidence requires less than a preponderance of the evidence, but "more than a mere

---

[11] *Id.* at 1-9, 27-30.

[12] *Id.* at 43 ("[T]he Board finds that [Petitioner] voluntarily left her employment without good cause connected to her work.").

[13] *Id.* at 51, , *Dowlin v. Kelly Srvs.* (C.A. No. N13A-10-003) (claiming the Petitioner did not quit her job).

[14] The Court notes that it cannot consider evidence that was not presented to the U.I.A.B. *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976) ("[T]he Superior Court is limited to the record which was before the administrative agency). The substance of the emails was a part of the record before the hearing officer through testimony of both Petitioner and Traynor.

[15] 29 *Del. C.* § 10142.

[16] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450, *6 (Del. Super. Ct. Aug. 24, 2011).

[17]*Unemployment Ins. Appeal Bd. of Dept. of Labor v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[18]*Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. Ct. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951).

scintilla."[19] If there is substantial evidence supporting the Board's decision and no error of law exists, the Court must affirm.[20] The court does not weigh evidence, determine questions of credibility, or make its own factual findings.[21] The court's role is merely to determine if the evidence is legally adequate to support the agency's factual findings.[22]

## IV.    DISCUSSION

Petitioner's sole argument is a continued and persistent disagreement with the findings of fact by the Board and those who previously reviewed her claim. Petitioner claims the Board incorrectly found that she voluntarily left her position.[23] Petitioner's assertion asks the Court to reexamine the factual findings of the U.I.A.B, and substitute a different finding, one consistent with her contentions.  The reexamination of the U.I.A.B.'s findings of fact is not for this Court.[24] It is for the Board to make findings of fact, weigh credibility and, absent an error of law, if the facts, as the Board finds them to be, are substantiated by the evidence, the decision must be affirmed.[25]

Indeed, there is substantial evidence to support the Board's finding that the Petitioner voluntarily left her employment.   By her own account, she was dissatisfied with the position.[26] The job no longer appeared to have the same opportunity for advancement that she had once thought.[27] She felt heavy work was unfairly assigned to her.[28] Further, she specifically advised

---

[19]*Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988); *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 477 (1951) ("Accordingly, it must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal of a directed verdict when the conclusion sought to be drawn is one of fact for the jury.").

[20]*City of Newark v. Unemployment Ins. Appeal Bd.*, 802 A.2d 318, 323 (Del. Super. Ct. 2002).

[21] *Id.* at *2 (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. Super. Ct. 1986).

[22] *Keim v. Greenhurst Farms*, 2001 WL 1490060, *2 (Del. Super. Ct. Nov. 19, 2001) (citing 19 *Del. C.* § 3323(a)).

[23] R. at 51

[24] *Mathis v. Delaware River & Bay Auth* CIV.A. N11A10002MJB, 2012 WL 5288757, at *2 (Del. Super. Ct. Aug. 22, 2012).

[25] *Id.* ("The Court does not weigh evidence, determine questions of credibility, or make its own factual findings.") (citations omitted).

[26] R. at 19-20

[27] *Id.*

3

the employer that she did not want to do the work that the employer indicated was the job available.[29] Further, the record reflects that if Petitioner wished to stay on the job[30], there was work available, at the paid rate of $20 per hour.[31]

Finally, the correspondence between Petitioner and Ms. Traynor cannot be considered since, by the Petitioner's own admission,[32] it is outside the record.[33]

## V.     CONCLUSION

The U.I.A.B. made findings of fact that are supported by the evidence before it.  The Court finds no legal error.  The decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

_____/s/_____
**M. Jane Brady**
Superior Court Judge

---

[28] R. at 6 ("I am 59 years old and was being 'used' while younger women sat at their desk all day [without] helping.").

[29] R. at 20 ("I let him know I would really not like to file everyday… [a]nd he says well the job is now a file job.").

[30] R at 22 ("She was in as an administrative assistant.").

[31] R at 23-4.

[32] Petitioner states in her Opening Brief that this communication "was left out of [her] previous paperwork."

[33] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976).