# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY


JARRATT ROBERTS, )
)
      Appellant, )
   v. )    **C.A. No.: N13A-10-001 FWW**
)
)
UNEMPLOYMENT INSURANCE )
APPEAL BOARD, )
)
      Appellee. )


On Appeal from the Unemployment Insurance Appeal Board:
**AFFIRMED**


## OPINION AND ORDER

Submitted:  April 24, 2014
Decided:  August 6, 2014


Jarratt Roberts, *pro se*, 111 Warwick Drive, Wilmington, Delaware, Appellant.

James T. Wakley, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, 6th Floor, Wilmington, Delaware, Attorney for the Unemployment Insurance Appeal Board, Appellee.


**WHARTON, J.**

## I. INTRODUCTION

Jarratt Roberts, *pro se*, filed this appeal from a decision of the Unemployment Insurance Appeal Board on October 3, 2013. The appeal was originally assigned to a judge of this Court on April 24, 2014. Subsequently that judge retired on May 2, 2014.  It has been under consideration by this judge since June 6, 2014.

On appeal, the Court must determine whether the Board's decision to adopt the ruling of the Appeals Referee, dismissing Appellant's claim as untimely, is supported by substantial evidence and free from legal error. The Court finds that the Board's ruling is supported by substantial evidence and free from legal error. Accordingly, the Board's decision is **AFFIRMED**.

## II. FACTUAL AND PROCEDURAL CONTEXT

Three Notices of Determination were sent to Appellant's address of record in 2012 informing him of overpayment: Case Number 50858606 dated August 22, 2012, Case Number 60858606 dated October 3, 2012, and Case Number 60867854 dated October 3, 2012.[1] Each Notice of Determination explicitly states that the determination becomes final unless a written appeal is filed within ten days.[2] Appellant's appeal of these claims was filed on July 10, 2013.[3]

Appellant maintains that he contacted the Division of Unemployment Insurance (the "Division") several times before July 10, 2013.[4] He asserts he first contacted the Division in August of 2012 by phone after he received a letter describing overpayment, but claims he never

---

[1] Division of Unemployment Notice of Determination (Aug. 22, 2012), claim 50858606; Division of Unemployment Notices of Determination (Oct. 3, 2012), claims 60858606 and 60867854.

[2] Each of the October Notices read as follows: "This determination becomes final on 10/13/12 unless a written appeal is filed. Your appeal must be received or postmarked on or before the date indicated. If the last date to file an appeal falls on a Saturday, Sunday or Legal Holiday, the appeal will be acceptable the next business day." Division of Unemployment Notices of Determination (Oct. 3, 2012), claims 60858606 and 60867854.  Notice of Determination 50858606 provided identical language but listed a deadline of "09/01/12." Division of Unemployment Notice of Determination (Aug. 22, 2012), claim 50858606

[3] Division of Unemployment Appeal Request Notifications (July 10, 2013).

[4] Appellant's Opening Br. at 1.

received the Notices of Determination described above.[5] Appellant lives with his mother, also named J.S. Roberts, and testified it could be possible that she opened the letters without informing him.[6] Appellant maintains he was told that the information he provided during the phone call would be submitted for a hearing and that he should wait until "October or November 2012" for a mailing.[7] Appellant claims when nothing arrived, he made follow up "phone calls at the end of November," and wrote his first letter on December 7, 2012.[8] Appellant goes on to describe a series of phone calls, office visits and letters he sent to the Division over the next several months and various conversations he allegedly had with different employees of the Division.[9] At one point, Appellant claims he was informed that his file was lost.[10] Appellant also claims he was told over the course of this correspondence that, due to lack of payments and interest, the amount due "ballooned" from $1,250.00 to $4,000.00.[11]

On August 5, 2013, a claims deputy denied all three of Appellant's claims as untimely.[12] Noting there was nothing in the file to indicate that the notices were not delivered, the claims deputy determined that the prior determinations sent on October 13, 2012 were "final and binding due to the claimant's failure to file a timely appeal."[13] A hearing was ordered solely to address the issue of timeliness.[14]

---

[5] Division of Unemployment Appeals Referee's Decision (Aug. 27, 2013) at 2.
[6] *Id.*
[7] Appellant's Opening Br. at 1.
[8] *Id.*
[9] *Id.* at 1-3. Appellant also provided copies of the letters he claims were sent to the Divison.
[10] *Id* at 3.
[11] *Id.* at 1.
[12] Claims deputy's decisions (starting on page 17 of record) Division of Unemployment Claims Deputy's Decisions (Aug. 5, 2013), case numbers 50913727, 50913729, and 50913731 at 1. At this point in the proceedings the claims deputy addressed each determination in a separate, identical decision. For the purposes of this opinion they will be discussed collectively.
[13] *Id.*
[14] *Id*.

On August 22, 2013 that hearing was held before an Appeals Referee.[15] On August 27, 2013, the Referee issued a decision for each claim.[16] The Referee affirmed the decision, holding:

> The claimant filed his appeal a number of months after the date on which the October 3, 2012 decision became final. The evidence presented shows that the decision was properly mailed to the claimant at his correct address. There is no evidence of any administrative error by the Department. The claimant's own testimony as well as the various appeal letters shows that he did not submit a written appeal until he sent in a letter dated December 7, 2012. This is well after the date on which the October 3, 2012 decision became final. Given the evidence presented, this tribunal concludes that the claimant did not file a timely appeal.[17]

Appellant timely appealed this decision to the Board.[18] On September 18, 2013, the Board affirmed the Referee's decision on all three claims.[19] The Board noted that although "the decisions explicitly stated that the decisions would become final in late-2012 if appeals were not filed on or before the dates indicated," Appellant filed his appeal on July 10, 2013.[20] Finding no error in the Appeals Referee's decision, the Board adopted that decision as its own.[21] On October 10, 2013, Appellant appealed to this Court.

Appellant asserts he has been "misinformed, ignored, and finally told that the documents [he] sent in were misplaced."[22] He requests "that the information that has been presented be reviewed, and that [he be] awarded the right to prove what [his] overpayment amount was, and

---

[15] Division of Unemployment Notice of Hearings (Aug. 7, 2013). As above, three notices were sent to Appellant all listing the same date and time.

[16] Division of Unemployment Appeals Referee's Decisions (Aug. 27, 2013) case numbers 50913727, 50913729, and 50913731 at 1. At this point in the proceedings the Appeals Referee addressed each determination in a separate, identical decision. For the purposes of this opinion they will be discussed collectively.

[17] Division of Unemployment Appeals Referee's Decisions (Aug. 27, 2013) case numbers 50913727, 50913729, and 50913731at 3.

[18] Division of Unemployment Appeal Request Notifications (September 6, 2013).

[19] Decision of the Unemployment Insurance Appeal Board on Appeal from the Decision of Stephanie K. Parker, Appeal Docket Nos. 50913727, 50913729, 50913731(Sep. 18, 2013) at 1.

[20] *Id.* at 2.

[21] *Id.*

[22] Appellant's Opening Br. at 4.

be on a payment plan for the actual overpayment."[23] The Board maintains their decision was supported by substantial evidence and is free from legal error. The Board also asserts that it did not abuse its discretion or act in an arbitrary or capricious manner and their decision should be affirmed.[24]

## III. STANDARD OF REVIEW

This Court's review of an Unemployment Insurance Appeal Board decision is defined by statute. Pursuant to 19 *Del. C.* § 3323(a), "the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law." Superior Court review, "is limited to a determination of whether there was substantial evidence sufficient to support the [Board's] findings."[25] Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[26] This Court does not weigh evidence or make determinations based on credibility or facts.[27] An abuse of discretion will be found only if "the Board **'**acts arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'"[28]

## IV. DISCUSSION

This Court finds no legal error and therefore upholds the Board's decision because substantial evidence exists to support the conclusion that Appellant's appeal was untimely. Appellant filed his claim several months after the date to appeal expired. Each determination was successfully delivered to Appellant's address of record. The language on the overpayment

---

[23] *Id.*
[24] Board's Ans. Br. at 2.
[25] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).
[26] *Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).
[27] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[28] *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at * 2 (Del. Super. Apr. 30, 2009) (citations omitted).

determinations clearly stated that they would become final after September 1, 2012 and October 13, 2012. Even if the Board had recognized Appellant's earliest letter dated December 7, 2012 as evidence of a written appeal, that letter was still almost two months past the deadline. This Court is not unsympathetic to Appellant's situation; however, it cannot overturn the Board's decision in this case, where the decision is legally sound and otherwise supported by substantial evidence.

## V. CONCLUSION

Appellant's appeal was rightfully denied as untimely. The decision of the Board is otherwise supported by substantial evidence and free from legal error. Therefore, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

                                                _____

                                                 **/s/**  Ferris W. Wharton, Judge