IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JOHN WYATTE, JR., | § |
| | § No. 74, 2016 |
| Appellant Below, | § |
| Appellant, | § |
| | § Court Below—Superior Court |
| | § of the State of Delaware, |
| v. | § |
| | § C.A. No. K15A-09-008 |
| UNEMPLOYMENT INSURANCE | § |
| APPEAL BOARD, | § |
| | § |
| | § |
| Appellee Below, | § |
| Appellee. | § |

Submitted: April 15, 2016
Decided: May 18, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 18th day of May 2016, upon consideration of the appellant's opening brief and the record below,[1] it appears to the Court that:

(1)  The appellant, John Wyatte, Jr., filed this appeal from the Superior Court's February 9, 2016 order affirming a decision of the Unemployment Insurance Appeal Board ("UIAB"). We find no merit to the appeal. Accordingly, we affirm.

(2)  The record reflects that, on June 17, 2015, a Division of Unemployment notice of determination that Wyatte was disqualified from

---

[1] In a letter dated March 2, 2016, the appellee informed the Court that it did not intend to file an answering brief and would rest upon the record below.

receiving unemployment benefits was mailed to Wyatte. The notice stated that the determination became final on June 27, 2015 unless Wyatte filed a written appeal by that date. The notice further provided that if the last day to file an appeal fell on the weekend (which was the case here), then an appeal was acceptable the next business day (in this case, June 29, 2015). Wyatte filed an appeal on June 30, 2015. In a notice dated July 15, 2015, the Claims Deputy determined that the appeal was untimely, but that an appeal could be filed solely to consider the issue of timeliness.

(3) On July 28, 2015, the Appeals Referee held a hearing on the timeliness of Wyatte's appeal. At the hearing, Wyatte testified that he did not receive the June 17, 2015 notice in the mail. Wyatte verified the address on the notice, but testified that he could not retrieve his mail from that address because the person living there had obtained a protection from abuse ("PFA") order against him. Wyatte provided a copy of a PFA order that was entered on June 25, 2015 and that expired on June 30, 2015. Wyatte also admitted, however, that he had been living at a different address for eight months before the PFA order and that he did not provide that address to the Department of Labor until June 30, 2015.

(4) The Appeals Referee concluded that Wyatte's appeal of the June 17, 2015 notice was untimely, the notice was mailed to the address on file for Wyatte, and there was no administrative error by the Department of Labor in mailing the

2

notice. Wyatte filed a timely appeal of the Appeals Referee's decision to the UIAB. The UIAB held a review hearing on August 26, 2015. On September 15, 2015, the UIAB mailed its decision affirming the decision of the Appeals Referee and denying the application for further review.

(5) On September 29, 2015, Wyatte filed a timely appeal of the UIAB's decision to the Superior Court. Wyatte primarily argued the merits of his claim for unemployment benefits, but also argued that his appeal should not have been denied because he provided evidence that he could not retrieve his mail from the address on the June 17, 2015 notice. The UIAB argued that there was substantial evidence supporting its holding that Wyatte's appeal was untimely.

(6) In an order dated February 9, 2016, the Superior Court affirmed the UIAB's decision. The Superior Court concluded that Wyatte's untimely appeal was not excused by his inability to retrieve his mail from the address on the notice because there was no evidence of administrative error and Wyatte did not provide the address where he had been living for eight months to the Department of Labor until after the time to appeal had expired. This appeal followed.

(7) On appeal, Wyatte admits that it was his responsibility to change his address with the Department of Labor, but argues that he took steps to correct the situation after he did not receive the June 17, 2015 notice and that he provided the

3

PFA to the Department of Labor in the same time frame as the June 17, 2015 notice. The UIAB rests on the record below.

(8) The Supreme Court's review of a decision of the UIAB is limited to a determination of whether there is substantial evidence in the record to support the UIAB's findings and whether such findings are free from legal error.[2] Absent abuse of discretion, this Court must uphold a decision of the UIAB.[3]

(9) The statutory provision governing unemployment insurance appeals requires a claimant to file his appeal within ten calendar days after the Claims Deputy's determination is mailed to his last known address.[4] If a timely appeal is not filed, the Claims Deputy's decision will be deemed final.[5] Although the UIAB has discretion to grant further review of untimely appeals,[6] such discretion is exercised rarely and only in cases where there has been administrative error by the Department of Labor that deprived the claimant of the ability to file a timely appeal or where the interests of justice would be served.[7]

(10) We have carefully reviewed the record in this case and conclude that the UIAB's decision is supported by the evidence and is free from legal error and abuse of discretion. Wyatte claims in this appeal that he provided the PFA order to

[2] 19 *Del. C.* § 3323(a); *Employment Ins. Appeals Bd. of the Dep't of Labor v. Duncan*, 337 A.2d 308, 309 (Del.1975)).
[3] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[4] 19 *Del. C.* § 3318(b).
[5] *Id.*
[6] 19 *Del. C.* § 3320; *Funk*, 591 A.2d at 225-26.
[7] *Funk*, 591 A.2d at 225.

4

the Department of Labor in the same time frame as the June 17, 2015 notice, but the record reflects that he did not provide the address where he had been living for eight months to the Department of Labor until June 30, 2015, after the time to appeal the June 17, 2015 notice had expired. The interests of justice did not require the UIAB to consider Wyatte's untimely appeal. The Superior Court did not err in affirming the decision of the UIAB.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

5