UNEMPLOYMENT INSURANCE APPEAL BOARD OF the DEPARTMENT OF LABOR and Chrysler Corporation, Appellees below, Appellants,

v.

Harold A. DUNCAN, Appellant below, Appellee.

Supreme Court of Delaware.

Argued Feb. 18, 1975.

Decided April 11, 1975.

Jay H. Conner, Wilmington, for Unemployment Insurance Appeal Board, appellee below, appellant.

Carl Schnee and Jeffrey S. Goddess, of Tybout, Redfearn & Schnee, Wilmington, for Chrysler Corporation, appellee below, appellant.

William C. Anderson, Community Legal Aid Society, Inc., Wilmington, for appellant below, appellee.

Before HERRMANN, C. J., and McNEILLY, J., and QUILLEN, Chancellor.

PER CURIAM:

In this unemployment compensation case, the Appeal Board affirmed the decision of the Referee denying to the appellant-employee benefits under the Act, 19 Del.C. Ch. 33. The Referee found that the appellant had been discharged from employment for the deliberate destruction of three locks on the employer's tool cabinets in order to obtain tools for his work. The Referee concluded, and the Board agreed, that such wilful destruction of the employer's property constituted "just cause" for discharge from employment such as to disqualify the employee for unemployment compensation benefits. 19 Del.C. § 3315. Upon appeal to the Superior Court by the employee, the decision of the Board was reversed on the basis of Weaver v. Employment Security Commission, Del.Super., 274 A.2d 446 (1971). The employer takes this appeal.

We hold that the Superior Court erred in reversing the Board. The scope

of review of findings of the Unemployment Insurance Appeal Board, like the scope of review in appeals from the Industrial Accident Board, is limited to a determination of whether there was substantial evidence sufficient to support the findings. 19 Del.C. § 3323(a); compare Avon Products, Inc. v. Lamparski, Del.Supr., 293 A.2d 559 (1972); M. A. Hartnett, Inc. v. Coleman, Del.Supr., 226 A.2d 910 (1967); Haskon, Inc. v. Coleman, Del.Super., 310 A.2d 657 (1973).

■ It is our opinion that the record shows substantial evidence sufficient to support the Board's conclusion that there was "just cause" for the discharge.

We think that this situation is not governed by *Weaver,* in which the offensive conduct of the employee had been previously condoned by the employer, and it was held that the employee was entitled to a warning before a change of the rules. There is no clear evidence of such condonation here. Rather, we think this situation is more like Coleman v. Department of Labor, Del.Super., 288 A.2d 285 (1972) wherein the employee was discharged for being intoxicated and brandishing a simulated revolver on the job, and it was held that the employee was not entitled to a prior warning.

We have considered the employee's contention that he broke into the tool cabinets in order to "retrieve his shift's tools so that he might properly perform his job" and, thus, was "attempting in good faith to further his employer's interests"; that, therefore, there was no "just cause" for the discharge. The appellee and the Board considered the evidence addressed to this contention and found against the employee. We hold as to this issue, also, that the record shows substantial evidence sufficient to support the Board's conclusion that there was "just cause" for the discharge.

Reversed and remanded with directions to the Superior Court to affirm the decision of the Board.