IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| PAULA G. ALCOCK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N15A-07-007 FWW |
| | ) | |
| DPNL LLC and UNEMPLOYMENT | ) | |
| INSURANCE APPEALS BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: April 11, 2016
Decided: May 31, 2016

Upon Appellant's Appeal from the Unemployment Insurance Appeal Board's
Decision:
**AFFIRMED**

Upon Appellee Unemployment Insurance Appeal Board's Request to Remand:
**DENIED**

## ORDER

Paula G. Alcock, *pro se*, Newark, Delaware, Appellant.

DPNL LLC, Wilmington, DE, Appellee.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Wilmington, Delaware, attorney for Unemployment Insurance Appeals Board, Appellee.

WHARTON, J.

This 31st day of May, 2016, upon consideration of Appellant Paula G. Alcock's Opening Brief, Appellee Unemployment Insurance Appeals Board's request to remand, and the record in this appeal, it appears to the Court that:

1. Paula G. Alcock, filed this *pro se* appeal from a decision of the Unemployment Insurance Appeal Board ("UIAB" or "Board") on July 16, 2015. The appeal is taken from a decision of the Board rendered after a hearing on June 17, 2015.[1]

2. A brief schedule was established, and on October 5, 2015 Alcock submitted what purports to be her Opening Brief on appeal. In reality, it is a request that this Court consider evidence not presented to the UIAB in the form of a doctor's note, dated June 19, 2015, clearing her to return to work without restrictions on June 22, 2015.[2]

3. On October 26, 2015, counsel for the Board wrote to the Court requesting that the Court remand the matter to the UIAB to further develop the record in light of Alcock's new evidence submitted with her Opening Brief.[3] DPNL LLC ("DPNL") did not submit an Answering Brief.

---

[1] R. at 161.
[2] Op. Br.
[3] D. I. 11.

4. Upon reviewing the record, the Court wrote to the parties inquiring as to the possible outcomes if the Court were to remand the matter.[4] The UIAB responded that, absent any new evidence, the Board would reverse its earlier decision and find that Alcock was able to return to work effective June 22, 2015, making her eligible to receive benefits as of that date provided she meets all other departmental requirements.[5] Again DPNL did not respond.

5. Alcock worked as a housekeeper at Staybridge Suites, a hotel owned by DPNL in Newark, Delaware for just under a year.[6] On March 4, 2015, she made a claim to the Department of Labor for unemployment insurance benefits.[7] That claim was denied by the Claims Deputy on March 27, 2015 because the Claims Deputy determined that she had voluntarily abandoned her employment.[8] An appeal of that determination resulted in the Appeals Referee modifying and affirming the Claims Deputy's ruling, holding that DPNL had just cause to discharge Alcock for failing to return to work.[9]

6. Alcock appealed the decision of the Appeals Referee and a hearing was held before the Board on June 17, 2015.[10] At the hearing before the Board, the

---

[4] D.I. 12. For reasons unknown to the Court, the file did not reach chambers until March 21, 2016.
[5] D.I. 13.
[6] R. at 1-3.
[7] R. at 1-2.
[8] R. at 23-24.
[9] R. at 51-54.
[10] R. at 160.

3

Board considered the evidence presented to the Appeals Referee, the Referee's Decision, and Alcock's Notice of Appeal.[11] At the hearing, Alcock testified that, at the time of her termination on March 3rd, she was still under a doctor's care and had not been released to return to work.[12] In fact, she testified that as of the date of the hearing, she was healing from surgery and still had not been released to return to work.[13] The Board accepted Alcock's testimony and applied 19 *Del. C.* § 3314(8), which disqualifies claimants from unemployment benefits "[i]f it shall be determined by the Department that total or partial unemployment is due to the individual's inability to work."[14] Accordingly the Board modified and affirmed the Appeals Referee's decision, holding that Alcock was medically unable to work and, therefore, ineligible to receive unemployment benefits under 19 *Del. C.* § 3314(8).[15]

7. The standard of review under which this Court reviews the Board's decision is deferential, and the Board's decision will only be modified in extreme circumstances. The Board's decision must be affirmed so long as it is (1) supported by substantial evidence and (2) free from legal error.[16] A finding of substantial evidence requires such relevant evidence that a reasonable mind might

---

[11] *Id.*
[12] R. 156-157.
[13] R. 157-158.
[14] R. 161.
[15] *Id.*
[16] *Unemployment Ins. Appeal Bd. of Dept. of Labor v. Duncan,* 337 A.2d 308, 309 (Del. 1975).

4

accept as adequate to support a conclusion.[17] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[18] Because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the Board unless the Board "acts arbitrarily capriciously" or its decision "exceeds the bounds of reason."[19]

8. This Court's role is to correct errors of law and to review the factual findings of the Board below to determine if such findings are sufficiently supported by the record and are the product of an orderly and logical deductive process.[20] The evidence presented to the Board establishes that Alcock was medically unable to work as of the date of her termination.[21] As of the date of the hearing on June 17, 2015, she still had not been cleared to return to work.[22] Indeed, Alcock cannot challenge this evidence since it was her own testimony.[23] Nor does she argue that the Board's decision was not the product of an orderly and deductive logical process. Instead, she argues that a note obtained from her doctor,

[17] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. Ct. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)); *see also, Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951).

[18] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988); *Universal*, 340 U.S. at 477 ("Accordingly, it must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal of a directed verdict when the conclusion sought to be drawn is one of fact for the jury.").

[19] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. Ct. June 18, 2008).

[20] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del.1972).

[21] R. 156-157.

[22] R. 158.

[23] R. 156-158.

dated June 19th (two days after the hearing) allowing her to return to work on June 22nd without restrictions should be considered on appeal.[24] The note apparently was never presented to the Board and is not part of the record below. Clearly, the Board's decision that Alcock was unable to return to work was based on substantial evidence and was the product of an orderly and logical deductive process.

10. The Board determined that under Delaware law,[25] a former employee is disqualified from receiving unemployment benefits "[i]f it shall be determined by the Department that total or partial unemployment is due to the individual's inability to work."[26] Alcock does not challenge the Board's application of Delaware law. The Court finds that the Board correctly applied 19 Del. C. § 3314(8). Accordingly, the Board's decision was free from legal error.

11. The UIAB, through counsel, has requested that the Court remand the matter to the Board, apparently for the purpose of awarding unemployment benefits to Alcock as of June 22, 2015.[27] The Court declines to do so because the Board's decision was manifestly correct. Further, because the events Alcock wishes this Court to consider on appeal occurred after the record had closed below

---

[24] Op. Br.
[25] 19 *Del. C.* § 3314(8).
[26] R. 161.
[27] D.I. 13.

and could not have affected the Board's decision, the Court declines to remand the matter to the Board.

**THEREFORE**, the Court finds that the Board's ruling was based on substantial evidence, from which a reasonable person could conclude that Alcock was unable to work. Because the Board based its decision on substantial evidence and there is no error of law, the decision of the Board is **AFFIRMED**. Because the Board's decision was manifestly correct and because the new "evidence" submitted with this appeal relates to events occurring after the Board made its decision, the request to remand the matter is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, Judge