IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANA L. HOCKENSMITH, | § | |
| | § | No. 159, 2016 |
| Appellant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. Nos.   15A-09-002 |
| UNEMPLOYMENT INSURANCE | § |             15A-09-003 |
| APPEAL BOARD, | § |             15A-09-004 |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted:   August 5, 2016
Decided:     October 10, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 10th day of October 2016, it appears to the Court that:

(1)   The appellant, Dana L. Hockensmith, filed for unemployment insurance benefits from the Department of Labor's Division of Unemployment Insurance, when her employer, Oakcrest Furniture, reduced her hours. Hockensmith received unemployment benefits for the period of time from April 6, 2013 through January 11, 2014.

(2)   Following a wage audit investigation, the Division of Unemployment Insurance determined that, for the same period of time she received unemployment benefits, Hockensmith also earned wages working as an in-home care provider for

JEVS Supports Independence, and that she did not report those wages to the Division as required. As a result, the Division issued a decision on January 16, 2014, finding that Hockensmith had underreported her wages and that, under 19 *Del. C.* § 3314(6), she was disqualified from receiving benefits for one year, from April 6, 2013 until April 5, 2014 (hereinafter "the Disqualification Decision").[1]

(3) Hockensmith appealed the Disqualification Decision to an Appeals Referee. The Appeals Referee dismissed Hockensmith's appeal as having been untimely filed. When Hockensmith appealed the dismissal, the Unemployment Insurance Appeal Board affirmed the Appeals Referee's decision, and the Superior Court affirmed the Board's decision.[2] Hockensmith then filed an appeal from the Superior Court's decision to this Court. By Order dated December 11, 2014, her appeal was dismissed as untimely filed.[3]

(4) Under 19 *Del. C.* § 3325, when there has been an overpayment of benefits due to a disqualification, the Division can seek recoupment of the benefits overpaid to the claimant.[4] In this case, following its Disqualification Decision, the

---

[1] 19 *Del. C.* § 3314(6) (Supp. 2016).

[2] *Hockensmith v. Unemployment Ins. Appeal Bd.*, 2014 WL 4686692 (Del. Super. Sept. 17, 2014).

[3] *Hockensmith v. Unemployment Ins. Appeal Bd.*, 2014 WL 7041108 (Del. Dec. 11, 2014).

[4] 19 *Del. C.* § 3325 (Supp. 2016). *Bradfield v. Unemployment Ins. Appeal Bd.*, 2012 WL 3776670, at *2 (Del. Aug. 31, 2012) ("Only after the [disqualification] determination becomes final can the [Division] issue 'overpayment determinations' seeking recoupment of specific amounts.") (citing 19 *Del. C.* § 3325)).

2

Division issued three decisions in April and May 2014, establishing the amount of unemployment benefits that Hockensmith must repay (hereinafter "the Overpayment Decisions").[5] Hockensmith appealed each of the Overpayment Decisions to an Appeals Referee and then to the Board, arguing at both levels and in all three appeals that the Disqualification Decision was issued in error. Hockensmith contended that her failure to report her wages from JEVS Supports Independence was the Division's fault because she had relied on a Division employee's assurance that she did not have to report those wages. When Hockensmith was unsuccessful in her appeals before the Appeals Referee and the Board, she appealed to the Superior Court. On March 11, 2016, the Superior Court issued a consolidated decision affirming the Board's decisions.[6] This appeal followed.

(5)     In her opening and reply briefs on appeal, Hockensmith continues to assail the Disqualification Decision, arguing that she should not have to repay any of the unemployment benefits from which she was disqualified because of the misinformation she allegedly received from a Division employee. On appeal from

---

[5] The first determination, dated April 15, 2014, established an overpayment of $2,970.00 for the period of time April 6, 2013 to November 16, 2013. The second and third determinations, both dated May 8, 2014, established overpayments of $660.00 and $1,980.00 for the periods of time November 23, 2013 to November 30, 2013 and December 7, 2013 to January 11, 2014.

[6] *Hockensmith v. Unemployment Ins. Appeal Bd.,* 2016 WL 2620642 (Del. Super. Mar. 11, 2016).

3

the Superior Court's affirmance of a Board decision, this Court's review is limited to determining whether the Board's conclusions are supported by substantial evidence and are free from legal error.[7]

(6) In this case, having carefully reviewed the record, including the transcripts of the three Board hearings, and the parties' briefs on appeal, the Court concludes that the Board's decisions were supported by substantial evidence and are free from legal error. As the Superior Court explained in its March 11 order, Hockensmith cannot attack the Disqualification Decision in her appeal from the Overpayment Decisions. Hockensmith's remedy from the Disqualification Decision was limited to her prior appeal from that decision in this Court.[8] Hockensmith pursued her appeal to its conclusion, albeit without success.[9] The only issues in this appeal are whether Hockensmith received notice of the Overpayment Decisions and whether the overpayment amounts were calculated correctly.[10]

(7) Hockensmith does not dispute that she received notice of the Overpayment Decisions, and she does not claim that overpayment amounts were

---

[7] *Roshon v. Appoquinimink Sch. Dist.*, 2010 WL 3855179 (Del. Oct. 4, 2010) (quoting *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975)).

[8] *See Kopicko v. State*, 2004 WL 1427077 (Del. May 28, 2004) (holding that appellant had "no further right of action" after exhausting administrative remedy provided by statute).

[9] *Supra* note 3.

[10] *Schaefer v. Butzke*, 1997 WL 33098 (Del. Jan. 2, 1997).

4

calculated incorrectly. Under these circumstances, the Court concludes that the Superior Court's order of March 11, 2016 must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice