# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MICHELE ALEXANDER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N16A-07-010 FWW |
| | ) | |
| DIVISION OF UNEMPLOYMENT | ) | |
| INSURANCE AND UNEMPLOYMENT | ) | |
| INSURANCE APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: January 30, 2017
Decided: February 22, 2017

Upon Appellant's Appeal of the Unemployment Insurance Appeal Board's
Decision:
**AFFIRMED**.

## ORDER

Michele Alexander, *pro se*, 343 Hackberry Drive, New Castle, Delaware 19720;
Appellant.

Carla A.K. Jarosz, Esquire, Delaware Department of Justice, 820 North French
Street, Wilmington, Delaware 19801; Attorney for Appellee Unemployment
Insurance Appeal Board.

Victoria W. Counihan, Esquire, Delaware Department of Justice, 820 North French
Street, Wilmington, Delaware 19801; Attorney for Appellee Division of
Unemployment Insurance.

**WHARTON, J.**

This 22nd day of February, 2017, upon consideration of Appellant Michele Alexander's ("Appellant") Opening Brief, Appellee Division of Unemployment Insurance's Answering Brief ("Appellee"), and the record, it appears to the Court that:

1. On May 3, 2015, Appellant filed for unemployment insurance benefits with Appellee.[1] Appellant was thereafter awarded benefits and collected $330.00 each week.[2]

2. On January 27, 2016, Appellant filed an additional claim for unemployment insurance benefits with Appellee.[3] As part of the application process for benefits, Appellant was required under 19 *Del. C.* § 3315(1) to register with the Division of Employment and Training, a separate unit in the Department of Labor.[4] Pursuant to § 3315(1), an unemployed individual shall be eligible to receive benefits only if the Department finds that the individual "[h]as registered for work at and thereafter continued to report at an employment office in accordance with such regulations as the Department prescribes. . . ."

3. Appellant, however, failed to register with the Division of Employment and Training.[5] On February 17, 2016, Appellee sent a letter to

---

[1] R. at 25.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

Appellant indicating that Appellant failed to register.[6] The letter also stated that Appellant failed to create an active job seeker account with Delaware Joblink.[7] On February 22, 2016, Appellee sent another letter to Appellant advising Appellant that her unemployment benefits were being withheld unless she reported to the Department of Labor's local office by February 27, 2016.[8]

4.    Appellant failed to report to the local office by February 27, 2016. As a result, the Claims Deputy issued a Notice of Determination on March 11, 2016, finding Appellant ineligible for the receipt of benefits effective the week ending in January 30, 2016.[9] The Claims Deputy arrived at this conclusion by finding that Appellant was noncompliant with § 3315(1).[10]

5.    On April 15, 2016, the Appeals Referee affirmed the Claims Deputy's decision that Appellant was ineligible from receiving benefits ("Ineligibility Decision"). In doing so, the Appeals Referee stated that Appellee would initiate a separate action under 19 *Del. C.* § 3325 to recover any benefits Appellant received after January 30, 2016.[11] Appellant did not appeal the Ineligibility Decision, and therefore, it became final.[12]

---

[6] R. at 28.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] R. at 31. *See* § 3325 ("Any person who has received any sum as benefits under this chapter to which it is finally determined that the person was not entitled shall be liable to repay in cash said overpayment, to the Department for the Unemployment Compensation Fund, or to have such

3

6.     In light of the Ineligibility Decision becoming final, Appellee initiated a separate administrative proceeding against Appellant to retrieve benefits overpaid to her.  On April 28, 2016, the Claims Deputy determined that Appellant was overpaid $990.00 for three weeks during the time period of January 30, 2016 through February 13, 2016.[13]  Therefore, pursuant to § 3325, the Claims Deputy determined that Appellant is required to repay $990.00 to Appellee.[14]

7.     On May 9, 2016, Appellant appealed the Claims Deputy's decision.

8.     On June 14, 2016, the Appeals Referee held a hearing.  At the hearing, Appellant testified that she did not register with the Division of Employment and Training on time because of several miscommunications with Department of Labor employees.[15]  Moreover, Appellant testified that she was unable to go into the local office by February 27, 2016 because she was on vacation at that time.[16]

9.     On June 14, 2016, the Appeals Referee affirmed the Claims Deputy's decision.  The Appeals Referee held that Appellant could not challenge the merits of the Ineligibility Decision in an overpayment proceeding because the Ineligibility

---

sum deducted from future benefits payable to the person under this chapter. The person shall be so liable regardless of whether such sum was received through fraud or mistake, or whether that person was legally awarded the payment of benefits at the time but on appeal was subsequently found not to be entitled thereto.").

[12] R. at 31.

[13] R. at 1.

[14] *Id.*

[15] R. at 18–19.

[16] *Id.*

4

Decision was a final determination.[17] Accordingly, the Appeals Referee affirmed that Appellant is required to repay the amount that she was not entitled to receive ("Overpayment Decision").[18]

10. On July 12, 2016, the Unemployment Insurance Appeal Board ("UIAB") adopted the Appeals Referee's Overpayment Decision as its own, and on July 29, 2016, Appellant appealed that decision.[19]

11. On appeal, Appellant's arguments are the same as those that were presented at the May 9, 2016 hearing. Appellant argues that miscommunications with Department of Labor employees, as well as her vacation, prevented her from complying with § 3315(1).[20] As a result, Appellant contends that she should not have to repay the amount owed.

12. In response, Appellee contends that Appellant "cannot challenge the merits of a final ineligibility determination by appealing an overpayment determination."[21] In the Ineligibility Decision, the Appeals Referee found that Appellant would be required to repay any amount she received after January 30, 2016.[22] Because Appellant failed to appeal this decision, it became final on April 25, 2016. Therefore, Appellee contends that Appellant is precluded from

---

[17] R. at 25.
[18] *Id.*
[19] R. at 43.
[20] Appellant's Opening Br., D.I. 11.
[21] Appellee's Answering Br., D.I. 13.
[22] *Id.*

5

addressing the merits of the Ineligibility Decision in her appeal of the Overpayment Decision.[23]

13. Counsel for the UIAB indicated that it did "not intend to file an answering brief in this matter" because this underlying cause "was decided on the merits, and the Appellant raises only challenges to the Board's decision on the merits."[24]

14. The UIAB's decision must be affirmed so long as it is supported by substantial evidence and is free from legal error.[25] Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion.[26] While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[27] Moreover, because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the UIAB unless the Court finds that the UIAB "act[ed] arbitrarily or capriciously" or its decision "exceed[ed] the bounds of reason."[28] Questions of law are reviewed *de novo*.[29]

---

[23] *Id.*

[24] D.I. 12.

[25] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[26] *Oceanport Indus. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[27] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

[28] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

[29] *Ward v. Dep't of Elections*, 2009 WL 2244413, at *1 (Del. Super. July 27, 2009).

15. After carefully reviewing the record, the Court finds that the UIAB's Overpayment Decision is supported by substantial evidence and is free from legal error. Under § 3325, "when there has been an overpayment of benefits due to a disqualification, the Division can seek recoupment of the benefits overpaid to the claimant."[30] In the Ineligibility Decision, the Appeals Referee determined that Appellant was ineligible from receiving benefits because she failed to comply with § 3315(1). The Appeals Referee also determined that Appellee could recoup benefits paid to Appellant after January 30, 2016. This decision became final when Appellant chose not to appeal it. Accordingly, Appellant cannot challenge the merits of the Ineligibility Decision in her appeal of the Overpayment Decision. Once the Ineligibility Decision became final, Appellant's only available arguments in the subsequent overpayment action are whether she received notice as mandated by § 3325 and whether the overpayment amount was calculated correctly.[31]

---

[30] *See Hockensmith v. Unemployment Ins. Appeal Bd.*, 2016 WL 5899237, at *1 (Del. Oct. 10, 2016) (citations omitted). *See also Bradfield v. Unemployment Ins. Appeal. Bd.*, 2012 WL 3776670, at *2 (Del. Aug. 31, 2012) ("Only after the [disqualification] determination becomes final can the [Appellee] issue 'overpayment determinations' seeking recoupment of specific amounts.") (citing § 3325)).

[31] *See* § 3325 ("The Department shall issue a notice of overpayment and an order for recoupment, stating its grounds therefore, before initiating action to collect the overpayment. Unless the person files an appeal to an Unemployment Insurance appeals referee within 10 days after such order was mailed to the person at the person's last known address, the order shall be final and recoupment shall be made in accordance with such order."). *See also Hockensmith*, 2016 WL 5899237, at *2 ("The only issues in this appeal are whether Hockensmith received notice of the Overpayment Decisions and whether the overpayment amounts were calculated correctly."); *Starcks v. Unemployment Ins. Appeal Bd.*, 2013 WL 4848101, at *5 (Del. Super. July 30, 2013); *Murray v. Unemployment Ins. Appeal Bd.*, 1994 WL 637088, at *2 (Del. Super. Apr. 22, 1994).

7

Appellant does not dispute that she received notice, nor does Appellant dispute that that the overpayment amount was calculated correctly. As a result, the UIAB's Overpayment Decision cannot be disturbed.

THEREFORE, the UIAB's decision is AFFIRMED.


IT IS SO ORDERED.

Ferris W. Wharton, Judge

8



FWW

SUPERIOR COURT OF THE STATE OF DELAWARE
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
0203100

"Official Business, Penalty For Private Use $300.00"

Michele Alexander
343 Hackberry Drive
New Castle, DE  19720