**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**JOHN A. PARKINS, JR.**
*JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE: (302) 255-2584

April 11, 2017

Patricia Boon
207 Oak Drive
Middletown, Delaware 19709

Paige J. Schmittinger, DAG
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, Delaware 19801

Margaret M. DiBianca, Esquire
Lauren E. M. Russell, Esquire
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, Delaware 19801

> Re: **Patricia L. Boon**
> **v. Jolly Smiles, P.A., and**
> **Unemployment Insurance Appeals Board**
> **C.A. No. N16A-06-002 JAP**

Dear Ms. Boon and Counsel:

This is an appeal from a split decision of the Unemployment Insurance Appeals Board in which the majority of the Board held that Ms. Boon was not eligible for benefits because she voluntarily left her employment without good cause. In her appeal Ms. Boon makes the factual argument that the majority of the UIAB was wrong when it found that she voluntarily left her employment without good cause.

It is settled law that the scope of this court's review of UIAB decisions is a narrow one. Section 3323 of title 19 of the Delaware Code provides that in appeals from the UIAB to this court "the findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."[1] This court owes considerable deference to the factual findings of the UIAB and may not disturb them if they are supported by substantial evidence.[2] The term "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] In determining whether there is substantial evidence to support the UIAB's finding "[t]he appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings. It is within the exclusive purview of the [UIAB] to judge witness credibility and resolve conflicts in testimony."[4] The court realizes that the Board was divided 3 to 2. But section 3323 draws no distinction between a unanimous board and one which is divided. Therefore the decision of a divided board is entitled to the same deference as is that of one which was unanimous.

The factual issue presented in Ms. Boon's case is whether there was substantial evidence to support the Board's finding that she quit her job without good cause. Delaware law provides that an employee is not eligible

---

[1] 19 *Del. C.* § 3323(a).
[2] *Unemployment Ins. Appeal Bd. v. Duncan,* 337 A.2d 308, 308 (Del. 1975).
[3] *Butler v. Safe Check East, Inc,* 2011 WL 2739504 (Del. July 14, 2011).
[4] *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781 (Del. 2011).

for unemployment benefits if the employee "left work voluntarily without good cause attributable to such work."[5] "Good cause" in this context is "established where: (i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment."[6]

The court has reviewed the evidence presented to the UIAB and finds that there is substantial evidence in the record to support its finding. The main bone of contention here seems to be whether Ms. Boon voluntarily quit or whether she was terminated. The UIAB after reviewing the "credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn therefrom" concluded that Ms. Boon voluntarily quit. This conclusion was drawn primarily from the testimony of Joe Jolly, the employer's representative at the hearings and an eyewitness to the critical events in this matter. Notwithstanding Ms. Boon's urgings to the contrary, this court is not free to substitute its assessment of Mr. Jolly's testimony for that of the Board. Accordingly, there is substantial evidence in the record to support the Board's finding.

Section 3323 permits this court to disregard the Board's factual findings if the appellant can show fraud. In her submittal to this court Ms.

---

[5] 19 *Del. C.* § 3314(1).
[6] *Thompson,* 25 A.3d at 783.

3

Boon contends that the employer defrauded patients or third-party payers by billing for work which was never done. This is not the sort of fraud envisioned in section 3323. That section contemplates situations in which the administrative decision was procured by fraud. No such allegation is made here.

The judgment of the UIAB is **AFFIRMED.**

Very truly yours,

John A. Parkins, Jr.

oc:    Prothonotary