**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

QUIXOTE DORMAN, )
)
) C.A. No. K17A-02-004 NEP
Appellant, ) In and For Kent County
)
v. )
)
UNEMPLOYMENT INSURANCE )
APPEAL BOARD and )
PENINSULA ROOFING )
COMPANY )
)
)
Appellee. )

**ORDER**

Submitted: July 6, 2017
Decided: September 29, 2017

Appellant/Claimant Quixote Dorman (hereinafter "Mr. Dorman) has appealed a decision of the Unemployment Insurance Appeals Board (hereinafter the "UIAB" or the "Board"), which denied Mr. Dorman's application for review. The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

This matter was initiated on August 17, 2016, when a Department of Labor claims deputy determined that Mr. Dorman was entitled to receive unemployment insurance benefits. Mr. Dorman's employer appealed this determination, and a hearing was scheduled before an appeals referee. Mr. Dorman failed to appear at the hearing.

1

After the hearing, the referee reversed the claims deputy's determination and found that Mr. Dorman was disqualified from receiving unemployment benefits. Mr. Dorman appealed this decision to the UIAB.

The UIAB remanded the matter for an additional referee hearing to create a full record for the UIAB appeal. The Referee again reversed the Claims Deputy's decision. Mr. Dorman appealed, and a hearing was scheduled before the UIAB for December 28, 2016. Notice of the hearing was sent to Mr. Dorman's residence.

The day before the hearing, December 27, Mr. Dorman sent a fax to the UIAB's secretary, requesting postponement because he purportedly had received notice too late and did not have time to conduct proper discovery or subpoena witnesses.[1] The request was denied. Mr. Dorman did not appear at the December 28 hearing, and his appeal was dismissed. Mr. Dorman filed a motion for rehearing, arguing that he could not find the location where the hearing was held and that the hearing should have been postponed. The UIAB denied the motion for rehearing on January 11, 2017. Mr. Dorman now appeals this denial.

An appeal from an administrative board's final order to this Court is confined to a determination of whether the UIAB's decision is supported by substantial evidence and is free from legal error.[2] The party that attacks the Board's decision as unreasonable and capricious bears the burden of proof.[3] "The grant or

---

[1] Mr. Dorman's submission to the Board requesting postponement indicated that he had received notice on December 19, nine days prior to the hearing date, December 28. While the Court is aware that certain days between were holidays, Mr. Dorman had a full business week, Monday, December 19, through Friday, December 23, during which he could have notified the Board of his intention to seek postponement.

[2] *E.g., Unemployment Ins. Appeal Bd. Dept. of Labor v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781—72 (Del. 2011).

[3] *Dep't of Justice v. Unemployment Ins. Appeal Bd.,* 2016 WL 3742158, at *4 (Del. Super. Ct. July 6, 2016) (citations omitted).

denial of a motion for rehearing is solely within the discretion of the [UIAB.]"[4] However, the Board may abuse its discretion in denying rehearing when an appellant acted with excusable neglect.[5] A finding of excusable neglect requires more than mere negligence or carelessness: the Court must find either that a person had a valid reason for his action or inaction or that a reasonably prudent person might have acted similarly under the circumstances.[6]

Here, the Court finds that the UIAB did not abuse its discretion, as Mr. Dorman did not act with excusable neglect. Mr. Dorman had full notice of the time and location of the hearing. The only circumstances he alleges that contributed to his failure to attend are (1) his failure to note the location of the hearing, although clearly indicated on the face of the hearing notice, and (2) the placement of the hearing office in the rear of the building. In addition, the notice instructed Mr. Dorman to arrive fifteen minutes in advance of the scheduled time. This Court has previously held that the Board did not abuse its discretion by denying a rehearing to appellants who failed to appear on time to their scheduled hearing because they had lost their way.[7]

The Court also finds that the UIAB did not err in denying Mr. Dorman's request for postponement. Mr. Dorman's request was sent the day before the hearing. However, applications for postponements must be made "no later than six

---

[4] 19 *Del. Admin*. §1201(7.1).
[5] *Tesla Industries, Inc. v. Bhatt*, 2007 WL 2028460, at *2 (Del. Super. Ct. June 28, 2007).
[6] *Id.*
[7] *Petrilli v. Discover Bank*, 2012 WL 1415705 at *2 (Del. Super. Mar. 2, 2012) (finding no abuse of discretion when Board denied rehearing to appellant who claimed she was late to the hearing because "she got lost on her way and . . . her directions were incorrect").

days prior to the hearing," unless there is an unanticipated emergency.[8] Mr. Dorman did not allege an emergency, and the record shows that he had timely received notice of the hearing and had opportunity to request postponement in a timely fashion. Mr. Dorman failed to carry his burden of proof in establishing that the decision was unreasonable or capricious.

WHEREFORE, for the reasons cited herein, Mr. Dorman's appeal is **DENIED**. The decision of the Unemployment Insurance Appeals Board is accordingly affirmed.

**IT IS SO ORDERED**.

___/s/ Noel Eason Primos_____
JUDGE

NEP/wjs
*Via. File&ServeXpress & U.S. Mail*
*oc.  Prothonotary*
*xc.  Quixote Dorman, pro se*
*Carla A.K. Jarosz, Esquire*

---

[8] 19 *Del. Admin. C.* § 1201-4.4.1; *Tesla Industries, Inc.*, 2007 WL 2028460, at *2. As indicated previously, Mr. Dorman had adequate notice to make a timely request, having received notice nine days before the hearing.