# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WADE KNIGHT,        :
            :
    APPELLANT,   :  **C.A. No. K17A-08-003 NEP**
            :  **In and For Kent County**
 v.          :
            :
            :
UNEMPLOYMENT INSURANCE :
APPEAL BOARD AND    :
HANOVER FOODS,     :
            :
    APPELLEES.   :
            :

## ORDER

Submitted: February 5, 2018
Decided: April 13, 2018

Appellant/Claimant Wade Knight (hereinafter "Mr. Knight") has appealed a decision of the Unemployment Insurance Appeal Board (hereinafter the "Board"), which affirmed the determination of the Appeals Referee denying him unemployment benefits because he was discharged from his employment with Hanover Foods Corp. (hereinafter "Hanover") for just cause. Mr. Knight filed this timely appeal on August 28, 2017.[1] Neither Hanover nor the Board filed an answering brief. The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

Hanover's Employee Handbook contains an attendance policy providing that an absent employee who twice fails to notify Hanover of the employee's intent to be

---

[1] The decision became final on August 21, 2017. Mr. Knight filed his appeal on August 28, 2017, within the 10-day appeal period. 19 *Del. C.* § 3323.

absent will be subject to immediate termination. Mr. Knight acknowledged receipt of the Employee Handbook on May 10, 2016. Hanover's representative Helena Picozzi (hereinafter "Ms. Picozzi") testified that Mr. Knight was absent from work on May 1, 2017, and May 2, 2017. Ms. Picozzi also testified that Hanover has no record of Mr. Knight's calling in absent, and that he was terminated on May 3, 2017 for failing to call in. Mr. Knight testified that he did call in sick.

An appeal from a final order of the Board to this Court is confined to a determination of whether the Board's decision is supported by substantial evidence and is free from legal error.[2] The party that attacks the Board's decision as unreasonable and capricious bears the burden of proof.[3]

In his appeal, Mr. Knight claims that he did call in and left a voice message indicating that he was going to be out sick. Mr. Knight also recounts several prior disputes he has had with Hanover and his supervisors, alleging that they were "very upset" with him and implying that Hanover was routinely treating him unfairly.

While Mr. Knight's appeal makes clear that he believes that the Board should have accepted his testimony rather than Ms. Picozzi's in determining whether Mr. Knight called in or not, Mr. Knight does not argue that it was error for the Board to find Ms. Picozzi's testimony more credible. Nor does Mr. Knight deny that, assuming he did fail to call in sick, Hanover would have had just cause to terminate him. Neglecting any arguments relevant to this Court's review of the Board's determination, Mr. Knight has failed to carry his burden. The Court finds that the Board's decision is supported by substantial evidence and is free from legal error.

---

[2] *E.g.*, *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781–82 (Del. 2011).
[3] *Dep't of Justice v. Unemployment Ins. Appeal Bd.*, 2016 WL 3742158, at *4 (Del. Super. July 6, 2016).

WHEREFORE, the decision of the Unemployment Insurance Appeals Board is **AFFIRMED**.

IT IS SO ORDERED.

**/s/  Noel Eason Primos**

Judge

NEP/wjs
*Via File&ServeXpress & U.S. Mail*
oc.    Prothonotary
cc.    Wade Knight
      Hanover Foods Corp
      Carla Jarosz, Esquire
      Victoria W. Counihan, Esquire