IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RICHARD GASKILL,     :

  Appellant/Claimant Below,  : C.A. No. K17A-10-002 NEP

           : In and for Kent County

     v.        :

STATE OF DELAWARE,    :

  Appellee/Employer Below.  :

## ORDER

Submitted: April 3, 2018
Decided: June 29, 2018

### *On Appeal from the Industrial Accident Board*
### AFFIRMED

Appellant/Claimant Richard Gaskill (hereinafter "Mr. Gaskill") has appealed a decision of the Industrial Accident Board (hereinafter the "Board"), which denied Mr. Gaskill's petition to determine additional compensation due for permanent impairment to his left lower extremity (hereinafter the "Petition"). The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

Mr. Gaskill was employed by the State of Delaware (hereinafter the "State") as Assistant Principal for Laurel High School. On January 15, 2013, Mr. Gaskill sustained injuries to his lumbar spine, neck, and right shoulder while attempting to break up a group of fighting students (hereinafter the "Accident"), and later received compensation for these injuries. On March 9, 2017, Mr. Gaskill filed the Petition, seeking compensation for permanent loss of function to his left lower extremity, which he claims to flow from the Accident as well.

A hearing was held before the Board on August 30, 2017, at which both sides presented expert testimony. Mr. Gaskill's expert, Dr. Stephen Rodgers, opined that Mr. Gaskill's previous disability rating for his lumbar spine did not cover impairment for his left lower extremity symptoms, and that a separate permanency rating was warranted.

The State's expert, Dr. Jonathan Kates, testified that while he agrees that Mr. Gaskill has symptoms in his left lower extremity, those symptoms stem from his back injury, and that the prior disability rating for Mr. Gaskill's back specifically incorporated his left lower extremity symptoms. Dr. Kates used the Diagnosis Related Estimate (hereinafter "DRE") found in the Fifth Edition *AMA Guides*[1] to make this argument. Under the *AMA Guides*, Mr. Gaskill was previously rated as having a DRE Category V lumbar spine injury, and that rating requires findings of various symptoms relating to the lower extremities: radicular symptoms, atrophy, loss of reflexes, sensory changes, loss of sensation—the same symptoms of which Mr. Gaskill complains in his left lower extremity, and for which he sought a separate disability rating from the Board. Page 524 of the *AMA Guides* also provides that "[i]f lower extremity impairment is due to an underlying spine disorder, lower extremity impairment in most cases would be accounted for in the spine impairment rating."

The Board denied Mr. Gaskill's Petition on September 13, 2017, reasoning that the State's expert witness testimony was more convincing, and that the *AMA Guides'* instructions indicated that a separate permanency rating is generally unavailable. The Board found that Mr. Gaskill's left lower extremity injury had

---

[1] American Medical Association Guides to the Evaluation of Permanent Impairment.

already been taken into consideration and compensated in his prior benefits payments.

An appeal from an administrative board's final order to this Court is confined to a determination of whether the board's decision is supported by substantial evidence and free from legal error.[2] Evidence is substantial when it is such that a reasonable mind might accept as adequate to support a conclusion.[3] The Court views the record "in the light most favorable to the prevailing party," and takes into account the Board's experience and special competency in workers' compensation matters.[4] When parties present expert testimony to the Board, "the Board is free to choose between conflicting medical opinions, and either opinion will constitute substantial evidence for purposes of an appeal."[5] The party that attacks the board's decision as unreasonable and capricious bears the burden of proof.[6]

In *Cross v. State*, this Court reversed a decision of the Board to deny a petition for a permanent impairment rating to the lower extremities separate from an impairment rating for the lower back where loss of function in the lower extremities was attributable to the lower back injury.[7] The *Cross* decision is distinct from the current case for at least four reasons.

---

[2] *E.g., Unemployment Ins. Appeal Bd. Dept. of Labor v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781–82 (Del. 2011).

[3] *Histed v. E.I. Dupont deNemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[4] *Lopez v. Parkview Nursing Home*, 2011 WL 900674, at *3 (Del. Super. Mar. 15, 2011).

[5] *Stratton v. Bayhealth Med. Ctr.*, 2005 WL 2841608, at *3 (Del. Super. Oct. 25, 2005).

[6] *Dep't of Justice v. Unemployment Ins. Appeal Bd.*, 2016 WL 3742158, at *4 (Del. Super. July 6, 2016) (citations omitted).

[7] 2000 WL 33115722 (Del. Super. Oct. 17, 2000).

First, in *Cross*, the employer had previously agreed to a permanency rating for the claimant's left lower extremities, and this Court therefore remanded to the Board for clarification of the Board's statement that a separate rating for the lower extremities was not appropriate.[8] In this case, by contrast, the State had never agreed to a separate permanency rating for the lower extremities prior to the hearing.

Second, the *Cross* court found that symptoms of the lower extremities "help[ed] to assess the impairment to the spine, but [did] not preclude the separate rating of the legs for permanent impairment," and further found that the issue of separate ratings for the back and legs had previously been settled when the Board granted separate permanency ratings for both.[9] Here, there was no previous approval by the Board of a separate permanency rating for the left lower extremity.

Third, in this case, the Board, in reaching its conclusions, specifically relied upon the statement in the *AMA Guides* that "[i]f lower extremity impairment is due to an underlying spine disorder, lower extremity impairment in most cases would be accounted for in the spine impairment rating." In *Cross*, no such statement was ever before the Board or the Court, nor did such a concept factor into the Court's decision.

Fourth, in *Cross*, the Court faulted the Board not only for revisiting the issue of separate permanency ratings for the spine and legs, but for doing so "without any supporting evidence whatsoever."[10] Here, however, there was ample support for the Board's decision, including Dr. Kates' conclusion that the 34% permanency rating

---

[8] *Id.* at *3.
[9] *Id.* at *5.
[10] *Id.*

4

for the lumbar spine accurately reflected the entire functional loss related to the lumbar spine injury, including the symptomatology in the left lower extremity.

The Court finds that in the instant case, the Board's decision was based upon substantial evidence and free from legal error. Moreover, the Board was entitled to credit Dr. Kates's testimony over Dr. Rodgers's, and to determine that in this case—as "in most cases," according to the AMA Guides—the lower extremity impairment was accounted for in the impairment rating for the spine.

Finally, the Court addresses Mr. Gaskill's argument that the Board "adopted a blanket rule that unless a separate or secondary injury has occurred in the lower extremity, there can never be a separate impairment rating of a lower extremity when the loss of function is due to a lumbar spine injury." The Court does not so find. In reaching its conclusions, the Board specifically relied upon the statement in the *AMA Guides* that "in most cases" lower extremity impairment due to an underlying spine disorder is accounted for in the spine impairment rating. Moreover, the Board limited its findings to Mr. Gaskill's case, finding that **"Claimant's case** is included in the lumbar spine rating" and that "[a] separate lower extremity rating is specifically excluded **in this case**" due to the assessment principles set forth in the *AMA Guides*.

**WHEREFORE**, the decision of the Industrial Accident Board is **AFFIRMED.**

## IT IS SO ORDERED.

/s/Noel Eason Primos
Noel Eason Primos, Judge

NEP/wjs
*Via File & ServeXpress*
oc:  Prothonotary
xc:  Donald E. Marston, Esquire
       Ran Ji, Esquire
       Oliver J. Cleary, Esquire
       Andrew M. Lukashunas, Esquire