# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ELIZABETH SULLIVAN, | ) | |
| | ) | |
| Appellant, | ) | C.A. No. N23A-09-004 PAW |
| | ) | |
| v. | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD and UNITED | ) | |
| STATES POSTAL SERVICE, | ) | |
| | ) | |
| Appellees. | ) | |

Submitted: September 9, 2024
Decided: November 12, 2024

## MEMORANDUM OPINION

*Upon appeal from the Unemployment Insurance Appeal Board;*

## REVERSED AND REMANDED.

Elizabeth Sullivan, *Self-Represented Litigant*, *Appellant*.

Matthew B. Frawley, Esq., of the Delaware Department of Justice, *Attorney for Appellee Unemployment Insurance Appeal Board*.

United States Postal Services, *Appellee*.

**WINSTON, J.**

## I.    INTRODUCTION

Appellant Elizabeth Sullivan appeals from the March 31, 2023 decision of the Unemployment Insurance Appeal Board ("UIAB") holding that Sullivan had voluntarily resigned from her employment with the United States Postal Service ("USPS") without good cause in connection with her work, and was disqualified from receiving unemployment benefits.[1]  All parties were sent notice of the Court's briefing schedule.[2]  USPS also was notified that, as an artificial entity, it must be represented by counsel.[3]  Sullivan filed her opening brief as directed.[4]  Counsel for UIAB wrote to the Court advising it that it would not be filing an answering brief because Sullivan was challenging the UIAB's decision on the merits and the UIAB did not have an interest in seeking to have its decision affirmed on appeal.[5]

USPS failed to file an answering brief despite the Court issuing it a "Final Delinquent Brief Notice" on May 30, 2024.[6]  This failure is consistent with USPS's failure to appear before the UIAB to defend against Sullivan's appeal from the

---

[1] Record ("R. __") at 5-8.

[2] Docket Item ("D.I.") 21.

[3] *Id*.

[4] Op. Br., D.I. 23.

[5] D.I. 25.  The Delaware Division of Unemployment Insurance also filed a non-participation letter informing the Court that they would not be filing an answering brief or participating in this appeal action.  D.I. 30.

[6] D.I. 49.

decision of the Appeals Referee, despite receiving notice of that hearing.[7] Accordingly, notwithstanding the possible merits of USPS's position, this Court reverses the determination of the UIAB due to USPS's failure to respond in violation of Superior Court Civil Rule 107.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

A hearing was held before the Appeals Referee on May 16, 2023, after a Department of Labor Claims Deputy denied Sullivan's request for unemployment benefits. After that hearing, the Appeals Referee found the following facts. Sullivan worked as an employee for USPS from November 2022 to January 24, 2023, as a "City Carrier Assistant I" earning $19.33 per hour.[8] During this time, Sullivan was a casual employee and was working towards becoming a regular employee.[9]

At the hearing, Sullivan testified that she was given other employee's work,[10] forced to work with faulty equipment,[11] and overloaded with work.[12] In the first 90 days, which her manager informed her would be for training and involve exclusively mail delivery, she was immediately assigned to deliver packages and treated as a

---

[7] R. at 111.

[8] R. at 110.

[9] *Id*.

[10] R. at 63.

[11] R. at 77-78.

[12] R. at 64, 74.

regular employee, despite not having the same benefits as the regular employees.[13] The packages and mail assigned to Sullivan for delivery increased very quickly, resulting in her bringing undelivered mail back to the USPS following her shift.[14] Her supervisors instructed her to "lie" and mark undelivered packages as "undeliverable" when she ran out of time to deliver.[15]

Sullivan informed her supervisors that they were assigning too many packages to be delivered in the timeframe requested.[16] Her supervisors ignored her concerns yet continued to reprimand her for returning with undelivered mail.[17] Sullivan's supervisors reminded her on multiple occasions that she would be fired if she continued to bring back undelivered mail.[18]

Sullivan approached her supervisors in-person frequently to resolve the issues she was experiencing. For example, she met with her supervisor on January 3, 2023.[19] During this meeting, Sullivan requested the presence of her union representative, and her supervisor immediately ended the conversation.[20] Sullivan

---

[13] R. at 53-54.

[14] R. at 56-57.

[15] R. at 57-58.

[16] R. at 64-68. She also informed the union president. R. at 69.

[17] R. at 64-65.

[18] R. at 64-65.

[19] R. at 69-70.

[20] R. at 70.

was "blindsided" two days later when several supervisors pulled her into a formal meeting, which appeared to be a disciplinary meeting.[21] Sullivan believed the actions of her supervisors following the January 3 meeting were "retaliation for the union president calling."[22]

Later in January 2023, Sullivan was given three days off from work. Despite being promised her shift would be covered, she returned to work on January 20, 2023, to find that her shift had not been properly covered.[23] Multiple days' worth of mail had accumulated during her absence.[24] Sullivan's supervisor called and texted her multiple times throughout the day to inquire about her delivery progress.[25] She stated that she was unable to deliver all the mail within one day due to the backup.[26] When Sullivan returned to the USPS, her supervisor berated her and had her sign a "final warning" form explaining why she had returned with undelivered mail.[27] The next day, on January 21, 2023, Sullivan's supervisors informed her that she was expected to deliver all the remaining undelivered mail the following day.[28] Sullivan

---

[21] R. at 70-71.

[22] R. at 71.

[23] R. at 76-77.

[24] R. at 77.

[25] R. at 79-80.

[26] R. at 81-82.

[27] R. at 82-83.

[28] R. at 83.

searched for a union representative, but none were around.[29]  Sullivan knew she would be fired after those demands, and she resigned on January 22, 2023.[30]

Sullivan had been told it was better to resign from the USPS than to be fired because being fired from the USPS could make it difficult to get a federal job, especially with the USPS, in the future.[31]  She also drafted her resignation letter in December 2022 but endured another month of unacceptable employment conditions before she finally resigned on January 22, 2023.[32]

The Appeals Referee affirmed the decision of the Claims Deputy.[33]  She found that Sullivan voluntarily resigned from her position without good cause in connection with her work, and, therefore, Sullivan was disqualified from receiving unemployment benefits.[34]

Sullivan appealed the Appeals Referee's decision to the UIAB, and a hearing was held on July 26, 2023.[35]  Sullivan appeared *pro se* while USPS did not send a representative.[36]   Sullivan submitted exhibits purporting to corroborate her

---

[29] R. at 84.

[30] *Id*.

[31] R. at 60.

[32] R. at 65.

[33] R. at 11.

[34] *Id*.

[35] R. at 5.

[36] R. at 15.

testimony.[37]  The UIAB considered Sullivan's testimony and exhibits as well as the evidence presented to the Appeals Referee, the Referee's Decision, and Sullivan's Notice of Appeal.  In the end, the UIAB affirmed the Referee's Decision and concluded that Sullivan resigned from her position without good cause for voluntarily quitting; and, accordingly, disqualified her from receiving unemployment benefits.[38]  This appeal followed.

## III.  <u>STANDARD OF REVIEW</u>

The standard of review under which this Court reviews the UIAB's decision is deferential, and the UIAB's decision will only be modified in unusual circumstances.  The UIAB's decision must be affirmed so long as it is (1) supported by substantial evidence and (2) free from legal error.[39]  A finding of substantial evidence requires such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[40]  While a preponderance of evidence is not necessary, substantial evidence means "more than a scintilla."[41]  Because the Court

---

[37] R. at 115-222.

[38] R. at 8.

[39] *Unemployment Ins. Appeal Bd. of Dept. of Labor v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[40] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)); *see also, Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951).

[41] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988); *Universal*, 340 U.S. at 477 ("Accordingly, it must do more than create a suspicion of the

7

does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the UIAB unless the UIAB "acts arbitrarily or capriciously" or its decision "exceeds the bounds of reason."[42] This Court's role is to correct errors of law and to review the factual findings of the UIAB below to determine if such findings are sufficiently supported by the record and are the product of an orderly and logical deductive process.[43]

## IV. ANALYSIS

Ordinarily, the resolution of this appeal would turn on the discrete issue of whether there was substantial evidence to support the UIAB's decision.[44] In fact, the primary argument that Sullivan advanced in her opening brief—that she complied with the requirement under 19 *Del C.* § 3314(1) to make a good faith effort to exhaust all reasonable alternatives with her employer before resigning— implicates just that issue.[45] Given the standard of review, she faces a daunting challenge.[46]

---

existence of the fact to be established.... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.").

[42] *PAL of Wilmington v. Graham,* 2008 WL 2582986, at *4 (Del. Super. June 18, 2008).

[43] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

[44] *Unemployment Ins. Appeal Bd.*, 337 A.2d at 309.

[45] R. at 3.

[46] *PAL of Wilmington*, 2008 WL 2582986, at *3-4. Daunting, but not insurmountable

However, USPS's unexplained and inexcusable failure to appear before the UIAB or to comply with this Court's scheduling order dictates the result on appeal.[47] Despite being issued a "Final Delinquent Brief Notice," USPS made no efforts to comply with this Court's requirements, nor did it offer any explanation for its procedural default. It did not even take the initial and necessary step of obtaining counsel. As provided in Superior Court Civil Rule 107(f):

> If any brief, memorandum, deposition, affidavit, or any other paper which is or should be a part of a case pending in this Court, is not served and filed within the time and in the manner required by these Rules or in accordance with any order of the Court or stipulation of counsel, the Court may, in its discretion, dismiss the proceeding if the plaintiff is in default, consider the motion as abandoned, or summarily deny or grant the motion, such as the situation may present itself, or take such other action as it deems necessary to expedite the disposition of the case.[48]

When an appellee fails to comply with Rule 107, this Court may reverse an

---

given that the record does not support the finding that Sullivan failed to inform her employer of resolvable problems and make a good faith effort to resolve them before leaving, especially given USPS's failure to provide any evidence otherwise. In fact, the record reflects that Sullivan exhausted all reasonable alternatives before resigning. At a minimum, Sullivan brought the issues to the attention of her supervisor, an individual with authority to make necessary adjustments. One month later, after informing her employer, Sullivan was faced with two options: (1) continue with her employment with the understanding that she would be fired, and thereby possibly permanently excluded from federal employment; or (2) resign. Faced with these choices, Sullivan resigned.

[47] *See Payne v. Unemployment Ins. Appeal Bd.*, 2023 WL 166271, at *3 (Del. Super. Jan. 12, 2023).

[48] Del. Sup. Ct. R. Civ. P. 107.

9

agency's decision, notwithstanding the legal or factual soundness of that decision.[49]

The Court finds that USPS has failed to respond to this appeal without good cause, despite being afforded every opportunity to do so. Thus, reversal of the UIAB's decision is appropriate and necessary.[50] The Court is mindful that reversal of the UIAB's decision affects USPS's rights, but USPS's due process rights were duly protected at every stage of the proceedings. It is USPS's failure to properly defend its interests here that is the cause of any disadvantage it may suffer.

---

[49] *See, e.g., Hunter v. First USA/Bank One*, 2004 WL 838715, at *5 (Del. Super. 2004) ("[I]n this case, the Court finds that there exists a significant violation of a statutory precept, in this instance, its own Civil Rule 107(e). Therefore, despite the formidable "substantial evidence" found to exist by the Board, the Court has no other alternative but to reverse the Board's decision due to Appellee's failure to diligently prosecute and file its brief pursuant to Rule 107(e).").

[50] Reversal under similar circumstances where an employer has failed to file an answering brief on appeal from an UIAB decision has occurred on numerous other occasions. *See, e.g. Payne*, 2023 WL 166271; *Sprung v. Selbyville Cleaners,* 2007 WL 1218683 (Del. Super. 2007); *Crews v. Sears Roebuck & Co.,* 2011 WL 2083880 (Del. Super. 2011); *Elder v. Careers USA*, 2011 WL 3081437 (Del. Super. 2011); *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156 (Del. Super. 2011).

## V. CONCLUSION

Accordingly, for the reasons stated above, the decision of the Unemployment Insurance Appeal Board is **REVERSED.** The case is **REMANDED** to the Unemployment Insurance Appeal Board for further proceedings consistent with this opinion. On remand, the United States Postal Service is estopped from asserting that Elizabeth Sullivan voluntarily resigned without good cause.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**

11