# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TABITHA PAYNE,                          )
                                        )
    Appellant,             )
                                        )
      v.           )    C.A. No. N22A-09-002 FWW
                                        )
UNEMPLOYMENT INSURANCE                   )
APPEAL BOARD,  AND                       )
INGLESIDE HOMES, INC.,                   )
                                        )
    Appellees.             )


*Upon Appeal from the Unemployment Insurance Appeal Board,*
**REVERSED and REMANDED**

## <u>MEMORANDUM OPINION</u>

Submitted: January 5, 2023
Decided: January 12, 2023


Richard T. Wilson, Esquire; Joe Klusman, Esquire (Rule 55), LEGAL SERVICES CORPORATION OF DELAWARE, INC., 100 West 10th Street, Suite 203, Wilmington, DE 19801, Attorneys for Appellant Tabitha Payne

Victoria Counihan, Esquire, Deputy Attorney General; Victoria Goff, Esquire, Assistant Attorney General, DEPARTMENT OF JUSTICE, 820 N. French Street, Wilmington, DE 19801, Attorneys for Appellee Unemployment Insurance Appeal Board.

Ingleside Homes, Inc., 1005 North Franklin Street, Wilmington, DE 19806, Appellee.

**WHARTON, J.**

# I. INTRODUCTION

Appellant Tabitha Payne ("Payne") appeals from the August 25, 2022 decision of the Unemployment Insurance Appeal Board ("UIAB") holding that Payne had been discharged from her employment with Ingleside Homes, Inc. ("Ingleside") for just cause, and was disqualified from receiving unemployment benefits.[1] All parties were sent notice of the brief schedule established by the Court.[2] Ingleside also was notified that, as an artificial entity, it must be represented by counsel.[3] Payne filed her opening brief as directed.[4] Counsel for UIAB wrote to the Court advising it that it would not be filing an answering brief because Payne was challenging the UIAB's decision on the merits and the UIAB did not have an interest in seeking to have its decision affirmed on appeal.[5] Inexplicably, Ingleside failed to file an answering brief despite the Court issuing it a "Final Delinquent Brief Notice" on December 2, 2022.[6] This failure is consistent with Ingleside's failure to appear before the UIAB to defend against Payne's appeal from the decision of the Appeals Referee, despite receiving notice of that hearing.[7] Accordingly, notwithstanding the

---

[1] Decision of the Unemployment Insurance Appeal Board on Appeal from the Decision of Mark. J. Hill, Appeal Docket No. 17059892 (Aug. 25, 2022).
[2] D.I. 6
[3] *Id.*
[4] Op. Br., D.I. 11.
[5] D.I. 12.
[6] D.I. 13.
[7] Tr. Admin. Hrg. (Aug. 23, 2022), at 3.

possible merits of Ingleside's position, this Court reverses the determination of the UIAB due to Ingleside's failure to respond in violation of Superior Court Civil Rule 107.

## II.     FACTS AND PROCEDURAL HISTORY

A hearing was held before the Appeals Referee on April 25, 2022 after a Department of Labor Claims Deputy denied Payne's request for unemployment benefits. After that hearing, the Appeals Referee found the following facts. Payne was employed by Ingleside from April 2014 to September 22, 2021 as a part-time Home Health Aid earning $12.81 per hour.[8] In response to the COVID-19 pandemic, Ingleside implemented a testing/vaccination policy.[9] According to Ingleside's representative, the policy was dated September 17, 2021 and was preceded by oral communication with all staff.[10] By the terms of the policy, all staff were required to be tested or vaccinated by September 21st.[11] According to Ingleside, its policy was consistent with the Governor's COVID testing policy.[12] Ingleside also produced its own policy from 2009 stating that any refusal to comply with reasonable requests would be considered insubordination and subject to discipline

---

[8] Division of Unemployment Insurance Appeals Referee's Decision (Apr. 26, 2022), at 2. Ingleside appeared before the Appeals Referee and provided evidence through a representative.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

up to and including dismissal.[13] Ingleside's representative testified that he personally spoke with Payne who told him that she would not be getting vaccinated or tested.[14] According to Ingleside's representative, Payne used profanity during that conversation.[15] Ingleside never received proof of either testing of vaccination from Payne and, pursuant to its policy, terminated her on September 23, 2021, effective the 21st.[16] Payne testified that she had only a few days to get tested and had difficulty scheduling her appointment.[17] She said that she did get tested on the 22nd but never sent the results to Ingleside.[18]

The Appeals Referee affirmed the decision of the Claims Deputy.[19] He found that Ingleside had established by a preponderance of the evidence that it discharged Payne for good cause in connection with her work, and, therefore, was disqualified from receiving unemployment benefits.[20]

Payne appealed the Appeals Referee's decision to the UIAB, and a hearing was held on June 22, 2022.[21] Payne appeared with counsel while Ingleside did not

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.,* at 3.
[20] *Id.*
[21] Decision of the UIAB, at 1.

send a representative.[22] Payne testified that she had difficulty scheduling an appointment for testing, finally was able to get tested on September 22nd, and both emailed and texted her supervisor to let her know that she was getting tested.[23] She denied telling Ingleside that she would not get vaccinated or get tested weekly, explaining that she did not believe in the vaccine, but was willing to do the testing.[24] She submitted exhibits purporting to corroborate her testimony.[25] The UIAB considered Payne's testimony and exhibits as well as the evidence presented to the Appeals Referee, the Referee's Decision, and Payne's Notice of Appeal.[26] In the end, the UIAB affirmed the Referee's Decision and concluded that Payne had been discharged from her employment for just cause in connection with her work, and, accordingly, was disqualified from receiving unemployment benefits.[27] This appeal followed.

### III. STANDARD OF REVIEW

The standard of review under which this Court reviews the UIAB's decision is deferential, and the UIAB's decision will only be modified in unusual circumstances. The UIAB's decision must be affirmed so long as it is (1) supported

---

[22] *Id.,* at 2-3.
[23] *Id.,* at 2.
[24] *Id.*
[25] *Id.*
[26] *Id.,* at 1.
[27] *Id.,* at 5.

by substantial evidence and (2) free from legal error.[28]  A finding of substantial evidence requires such relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[29]  While a preponderance of evidence is not necessary, substantial evidence means "more than a mere scintilla."[30]  Because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the UIAB unless the UIAB "acts arbitrarily capriciously" or its decision "exceeds the bounds of reason."[31]  This Court's role is to correct errors of law and to review the factual findings of the UIAB below to determine if such findings are sufficiently supported by the record and are the product of an orderly and logical deductive process.[32]

## IV. DISCUSSION

Ordinarily, the resolution of this appeal would turn on the discrete issue of whether there was substantial evidence to support the UIAB's decision.  In fact, the

---

[28] *Unemployment Ins. Appeal Bd. of Dept. of Labor v. Duncan,* 337 A.2d 308, 309 (Del. 1975).

[29] *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 899 (Del. Super. Ct. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981))*; see also, Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477 (1951).

[30] *Breeding v. Contractors-One-Inc.,* 549 A.2d 1102, 1104 (Del. 1988); *Universal,* 340 U.S. at 477 ("Accordingly, it must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal of a directed verdict when the conclusion sought to be drawn is one of fact for the jury.").

[31] *PAL of Wilmington v. Graham,* 2008 WL 2582986, at *4 (Del. Super. Ct. June 18, 2008).

[32] *Levitt v. Bouvier,* 287 A.2d 671, 673 (Del.1972).

6

two arguments Payne advanced in her opening brief – that she complied with Ingleside's COVID testing policy and that none of the UIAB's reasons for its finding that she was ineligible for benefits is supported by substantial evidence – implicate just that issue.[33] Given the standard of review she faces a daunting challenge. Her probability of success would not have been great.

Ingleside's unexplained and inexcusable failure to appear before the UIAB or to comply with this Court's scheduling order dictates the result on appeal, however. Despite being issued a "Final Delinquent Brief Notice," Ingleside made no efforts to comply with this Court's requirements, nor did it proffer any explanation for its procedural default. It did not even take the initial, and necessary step, of obtaining counsel. As provided in Superior Court Civil Rule 107(f):

> If any brief, memorandum, deposition, affidavit, or any other paper which is or should be a part of the case pending in this Court, is not served and filed within the time and in the manner required buy these Rules or in accordance with any other order of the Court or stipulation of counsel, the Court may, in its discretion, dismiss the proceeding if the plaintiff is in default, consider the motion to be abandoned, or summarily grant or deny the motion, such as the situation may present itself, or take any other action as it deems necessary to expedite the disposition of the case.

---

[33] Op. Br., at 5, D.I. 11.

When an appellee fails to comply with Rule 107, this Court may reverse an agency's decision, notwithstanding the legal or factual soundness of that decision.[34] The Court finds that Ingleside has failed to respond to this appeal without good cause, despite being afforded every opportunity to do so. Thus, reversal of the UIAB's decision is appropriate and necessary.[35] The Court is mindful that reversal of the UIAB's decision affects Ingleside's rights, but Ingleside's due process rights were duly protected at every stage of the proceedings. It is Ingleside's failure to properly defend its interests here that is the cause of any disadvantage it may suffer.

## IV.    CONCLUSION

Accordingly, for the reasons stated above, the decision of the Unemployment Insurance Appeal Board is **REVERSED.** The case is **REMANDED** to the Unemployment Insurance Appeal Board for further proceedings consistent with this

---

[34] *See, e.g., Hunter v. First USA/Bank One,* 2004 WL 838715, at *5 (Del. Super. Ct 2004) ("[I]n this case, the Court finds that there exists a significant violation of a statutory precept, in this instance, its own Civil Rule 107(e). Therefore, despite the formidable "substantial evidence" found to exist by the Board, the Court has no other alternative but to reverse the Board's decision due to Appellee's failure to diligently prosecute and file its brief pursuant to Rule 107(e).").

[35] Reversal under like circumstances where an employer has failed to file an answering brief on appeal from an UIAB decision has occurred on numerous other occasions. *See, e.g. Sprung v. Selbyville Cleaners,* 2007 WL 1218683 (Del. Super. Ct. 2007); *Crews v. Sears Roebuck & Co.,* 2011 WL 2083880 (Del. Super. Ct. 2011); *Elder v. Careers USA*, 2011 WL 3081437 (Del. Super. Ct. 2011); *Byrd v. Westaff USA, Inc.*, 2011 WL 3275156 (Del. Super. Ct. 2011).

opinion.  On remand, Ingleside Homes, Inc. is estopped from asserting that Tabitha Payne was discharged for good cause.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
