# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JAMES HUTCHINS,        :
       :
       Appellant,        :
       :
       v.        :        C.A. No. K23A-03-003 JJC
UNEMPLOYMENT INSURANCE        :
APPEAL BOARD,        :
       :
       Appellee.        :

Submitted: June 9, 2023
Decided:    August 10, 2023

## ORDER

On this 10th day of August 2023, having considered Appellant James Hutchins' appeal of the decision of the Unemployment Insurance Appeal Board (the "Board" or "UIAB"), and the responses filed by the Division of Unemployment Insurance (the "Division") and the Board, it appears that:

1. Mr. Hutchins filed a claim for traditional unemployment insurance benefits beginning on April 4, 2021, in the weekly amount of $387.[1] The Division then suspended Mr. Hutchins' payments in the late summer or early fall of 2021 after alleging that he improperly submitted his claims. Specifically, the Division notified Mr. Hutchins that it could not process his claims because he "filed weekly claim certification[s] out of sequence." (hereinafter "out-of-sequence claims").[2] Nevertheless, Mr. Hutchins continued to file claims certifications as required by

---

[1] Appeals Referee Decision, Ex. 5, R. at 64 [hereinafter the Court will refer to the certified record before the Board as "R. at . . ."].
[2] R. at 29.

Delaware Department of Labor ("DOL") regulations for several weeks after he first received that notice.[3]

2.     Mr. Hutchins challenged the Division's decision and prevailed in two separate out-of-sequence cases after the Division conceded it had mistakenly denied him benefits.[4]   He then filed a request for backdated benefits resuming from October 30, 2021.[5]   A claims deputy denied his request because he had stopped filing ongoing weekly certifications during the Division's investigation.[6]   Mr. Hutchins then appealed the denial to an appeals referee.[7]

3.     Mr. Hutchins appeared at an appeals referee hearing and testified.  He initially contended that the system prevented him from filing certifications after he first received "out-of-sequence" notifications.[8]   Later in the hearing, he revisited his testimony and admitted that he could have continued to file certifications but did not because it would have been a "complete waste of time."[9]   Finally, he contended that email communications with a Division employee led him to believe he did not need to file weekly certifications during the Division's investigation.[10]   He submitted none of those alleged emails into the record, however.

4.     The appeals referee then affirmed the claims deputy's determination.[11] She found that Mr. Hutchins' failure to file continuing claims certifications, after

---

[3] R. at 41.
[4] *Hutchins v. Delaware Department of Labor*, Claims Deputy Decision No. 57096925 (May 13, 2022); *Hutchins v. Delaware Department of Labor*, Claims Deputy Decision No.67063022 (May 5, 2022).  Due to agency error, a claims deputy "canceled" his overpayment in Case No. 57096925. That determination made the second case moot, with the combined effect of confirming Mr. Hutchinson's entitlement to benefits through October 31, 2023.
[5] R. at 56.
[6] R. at 73.
[7] R. at 69.
[8] R. at 38–39.
[9] R. at 39.
[10] R. at 30.
[11] R. at 55–59.

October 23, 2021, made him ineligible for ongoing benefits.[12] In her decision, she relied upon 19 *Del. C.* §3315(2), two Department of Labor Regulations, and the Division's Claimant Handbook.[13]

5.      Mr. Hutchins next appealed the appeals referee's decision to the UIAB. The Board limited the scope of its review to the record and considered no further evidence or argument.[14] Thereafter, it affirmed the appeals referee's decision.[15]

6.      Mr. Hutchins now appeals the UIAB's decision. His appeal requires the Court to review the record to determine if substantial evidence supported the Board's decision and if the Board committed legal error.[16] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[17] When reviewing the record for substantial evidence, the Court considers the record in the light most favorable to the prevailing party below.[18] On appeal, the Court makes no factual findings, does not assess witness credibility, and does not weigh the evidence.[19] Furthermore, the Court's review of a discretionary ruling by the Board is limited to a review for arbitrariness and capriciousness.[20] As to an assertion of legal error, however, the standard of review is *de novo*.[21]

---

[12] R. at 58.
[13] R. at 57–58.
[14] *Hutchins v. Delaware Department of Labor*, UIAB Appeal Docket No. 77105528, at 1 (Mar. 6, 2023).
[15] *Id.* at 2.
[16] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975); *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781–82 (Del. 2011).
[17] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).
[18] *Pochvatilla v. U.S. Postal Serv.*, 1997 WL 524062, at *2 (Del. Super. June 9, 1997).
[19] *Sokoloff v. Bd. of Med. Prac.*, 2010 WL 5550692, at *5 (Del. Super. Aug. 25, 2010).
[20] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[21] *Id.*

7.      On appeal, Mr. Hutchins raises numerous arguments.  At the outset, two of his arguments focus on the alleged prejudice caused by the time taken by the Division to resolve his "out-of-sequence" overpayment cases.[22]  Those cases have long-since concluded and are not within the scope of review in this appeal.  As a result, any claims related to the Division's allegedly inappropriate delay in examining Mr. Hutchins' out-of-sequence filings are not before the Court.

8.      Mr. Hutchins also raises several other contentions that the Court aggregately considers to be a challenge to the sufficiency of the evidence.  Here, the record provided the UIAB substantial evidence to deny his request to backdate certifications for retroactive benefits.   First,  Mr. Hutchins admitted that he stopped filing contemporaneous certifications because it would have been a "complete waste of time."[23]  He conceded, however, that he had filed them five times after he received the first out-of-sequence notification.[24]   Furthermore,  the record includes: (1) testimony from a Division representative that Mr. Hutchins filed his last claim on October 23, 2021;[25] (2) testimony from a Division representative that an out-of-sequence notice would not prevent a claimant from filing ongoing certifications;[26] (3) documentary evidence of Mr. Hutchins' unemployment benefits payment history;[27] and (4) emails between Mr. Hutchins and a Deputy Attorney General during the out-of-sequence cases where the DAG mentioned nothing about excusing his ongoing filings.[28]  Together, these facts of record provided substantial evidence to support the Board's decision.

---

[22] *See, e.g.*, Appellant's Opening Br. at 29, 32 (contending that the Division acted improperly by delaying resolution of the underlying out-of-sequence filing dispute);  Appellant's Reply Br. at 5, 8 (explaining the length of time taken to resolve his initial overpayment dispute).

[23] R. at 39.

[24] R. at 42.

[25] R. at 60.

[26] R. at 39.

[27] R. at 64.

[28] R. at 65–67.

9.      Mr. Hutchins also contends that the Division should be "estopped by reliance" because a Division employee failed to tell him during email exchanges that he should have continued filing certifications.[29]   In the present appeal, Mr. Hutchins submits several emails sent between him and a Division employee that he contends supports that position.[30]  In an administrative appeal such as this, however, the Court cannot consider these newly submitted exhibits because he did not make them part of the record below – they are simply outside the appellate record.[31]

10.      He further contends that *the Division* should have submitted those emails into evidence at the appeals referee's hearing and that *the Division* violated his rights by not doing so.[32]   As a party to that correspondence, however,  he had the opportunity to submit them into evidence but did not.  Stated differently, the Division had no obligation to offer those emails into evidence because Mr. Hutchins jointly possessed them and could have done so himself.[33]

11.      In addition, Mr. Hutchins raises several fairness-based arguments that he contends constituted errors of law.   One such contention focuses on circumstances that he believes should have relieved him of the obligation to file

---

[29] Appellant's Op. Br. at 29; Appellant's Reply Br. at 8.

[30] Appellant's Reply Br. at 9–10.

[31] *See Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976) (explaining that the Superior Court limits its review to the record before the Board).   Apart from issues related to the record, Delaware Courts have consistently rejected the contention that misinformation provided by a Division employee obviates requirements set by law and the Division's written instructions. *Scott v. Div. of Unemployment Ins.*, 2016 WL 6556158, at *2 (Del. Super. Nov. 4, 2016); *see also Hampton v. Unemployment Ins. Appeal Bd.*, 2016 WL 5867441, at *2–3 (Del. Super. Oct. 7, 2016) (confirming a claimant's obligation to repay benefits he received notwithstanding incorrect advice provided by a Division employee); *Morrison v. Unemployment Ins. Appeal Bd.*, 2013 WL 5786417, at *3 (Del. Super. Oct. 18, 2013) (holding that a Division employee's improper advice regarding claims requirements was "not a valid excuse" because the Board's written claims procedures were readily available).

[32] Appellant's Opening Br. at 30.

[33] *See Odell v. Unemployment Ins. Appeal Bd.*, 2023 WL 4307685, at *3 (Del. Super. June 30, 2023) (explaining that the agency's obligation to provide a claimant a full and fair opportunity to be heard does not place an obligation on the Division to submit evidence on behalf of a claimant).

continuing certifications – namely, the Division's initial decision to suspend his benefits for alleged out-of-sequence filings.[34]   As explained below, however, the Board followed controlling law when it declined to excuse Mr. Hutchins' failure to file weekly claims.

12.    The Division's obligation to pay Delaware unemployment benefits derives from statute and DOL regulations.  Delaware statutes impose administrative requirements upon claimants and enable DOL to promulgate regulations to administer the program.    First, 19 *Del. C.* § 3315(2) provides that a claimant is eligible to receive benefits "*only if* . . . the individual . . . [h]as made a claim for benefits with respect to such week in accordance *with such regulations as the Department prescribes*."[35]    Second, DOL regulations, in turn, provide that a "claimant shall: . . . [f]ile a continued claim for benefits *each week*."[36]   Third and finally, Mr. Hutchins signed for and received a copy of the Division's Unemployment Insurance Handbook that explained that he had to continue to file for benefits notwithstanding his ongoing dispute with the Division.[37]   Namely, the Handbook provides the following:

> [i]f, at any time during your claim, there is an eligibility issue, benefits will not be paid until the issue is resolved.  You must continue to claim your weekly benefits . . . while the matter is being investigated.  If you stop claiming weekly [benefits], you will not be entitled to any [benefits for the] weeks that you did not claim and you will have to reopen your claim.[38]

---

[34] Appellant's Opening Br. at 29, 32; Appellant's Reply Br. at 3–6, 8.
[35] 19 *Del. C.*  § 3315(2) (emphasis added).
[36] 19 Del. Admin. C. § 1202–6.2.2 (emphasis added).
[37] *See* Delaware Unemployment Insurance Claimant Handbook, at 9 (Revised Apr. 2020) available at https://labor.delaware.gov/divisions/unemployment-insurance/claimant-handbook/ (explaining that before a claimant is paid UI benefits, the individual is required to read and sign the acknowledgment of rights and responsibilities section provided in the Handbook).
[38] *Id.* at 4.

Given the General Assembly and the Department of Labor's clear statutory, regulatory, and practical guidance, the Board committed no legal error by refusing his request to backdate his claims.

13.    Finally, Mr. Hutchins contends that the Board committed legal error because it did not permit him an in-person hearing but rather decided his appeal of the referee's decision without considering additional argument or evidence.[39]  The Board committed no error in doing so because Delaware law provides the UIAB the discretion to decide an appeal based solely on the evidence previously submitted.[40]

**WHEREFORE**, the decision of the Unemployment Insurance Appeal Board is **AFFIRMED** for the reasons explained above.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & ServeXpress*
*U.S. Mail to Appellant James Hutchins*

---

[39] Appellant's Opening Br. at 30; Appellant's Reply Br. at 2–3.
[40]  *Odell*, 2023 WL 4307685, at *3; *see also* 19 *Del. C.* § 3320(a) (providing that if the UIAB determines it has sufficient evidence to formulate a basis for its decision, then it may base its decision on only the record developed below); *Bossert v. Div. of Unemployment Ins.*, 2022 WL 17249305, *3 (Del. Super. Nov. 22, 2022) (explaining that the Board may provide its decision without holding an additional hearing).