**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

HAROLD LONG,                                   )
                                               )
    Appellant,                             )
                                               )
    v.                                     )
                                               )  C.A. No. N25A-08-002 CLS
UNEMPLOYMENT INSURANCE                          )
APPEAL BOARD,                                   )
                                               )
    Appellee.                              )

Date Submitted: December 11, 2025
Date Decided: March 11, 2026

**ORDER**

*On Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED**.

Harold Long, *Pro se Appellant.*

Victoria W. Counihan, Deputy Attorney General, for the DEPARTMENT OF JUSTICE, *Attorney for the Division of Unemployment Insurance.*

Ryan Senall, Deputy Attorney General, for the DEPARTMENT OF JUSTICE, *Attorney for the Unemployment Insurance Appeal Board*.

**SCOTT, J.**

The Unemployment Insurance Appeal Board (the "Board") declined to hear the merits of Harold Long's appeal of the denial of unemployment benefits because Mr. Long filed the appeal after the statutory deadline. Mr. Long, proceeding pro se, now appeals the Board's decision, asking the Court to consider the merits of the appeal. For the following reasons, the Board's decision is **AFFIRMED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Harold Long filed for unemployment benefits after resigning from his job with Penske Truck Leasing.[1] On February 11, 2025, claims deputy, Chaola Henderson, sent Mr. Long a Notice of Determination disqualifying him from receiving unemployment benefits under 19 *Del. C.* § 3314(1) as Mr. Long "resigned without exhausting their administrative remedies and good cause."[2] The Notice of Determination advised Mr. Long that the "determination becomes final on February 26, 2025, unless a written appeal is filed."[3] Instructions for filing an appeal and a mailing affidavit also accompanied the Notice of Determination.[4]

Mr. Long filed a notice of appeal via email with the Delaware Department of Labor (the "Department") on April 14, 2025, which was received by the Department on April 17, 2025.[5] Given the date Mr. Long filed the notice of appeal, the

---

[1] R. at 61.
[2] *Id.* at 61–64.
[3] *Id.* at 61.
[4] *Id.* at 63–64.
[5] *Id.* at 65, 69.

Department assigned the matter to a claims referee solely to consider the timeliness of the Mr. Long's appeal.[6]  A hearing was held on the issue on May 28, 2025.[7]

At the hearing, only Mr. Long, acting on his own behalf, testified;  no one from the Department was present.[8]  Mr. Long testified that he was confused that the hearing was limited to the timeliness of the appeal because he supposedly filed the notice of appeal on February 25, 2025, after speaking with a Department representative who told him to file a notice of appeal by sending the notice to a "particular email."[9]  According to Mr. Long, after "[s]ome time went by" with no update, he "called back to see what happened," and the representative "said he never received it."[10]  Mr. Long did not provide any evidence of this at the hearing.[11]

The appeals referee issued a decision on May 28, 2025, concluding that Mr. Long did not file a timely appeal under 19 *Del. C.* § 3318(b) because there was no evidence that the appeal was filed before February 26, 2025, or that an administrative error occurred.[12]  Mr. Long then filed a timely appeal with the Board.[13]  After

---

[6] *Id.* at 57.
[7] *Id.* at 28–46.
[8] *Id.* at 35.
[9] *Id.* at 35, 37.
[10] *Id.* at 37.
[11] *Id.*
[12] *Id.* at 53–56.
[13] *Id.* at 21.

reviewing the record and the hearing before the claims referee, the Board concluded that there was no error in finding that Mr. Long's appeal was untimely.[14]

On August 15, 2025, Mr. Long filed a notice of appeal of the Board's decision to this Court.[15] Mr. Long filed his Opening Brief on November 12, 2025.[16] The Division of Unemployment Insurance (the "Division") filed a Letter in Lieu of an Answering Brief on November 12, 2025,[17] and the Board filed its Answering Brief on November 20, 2025.[18] On December 10, 2025, Mr. Long filed a Reply Brief.[19] The matter is now ripe for decision.

## STANDARD OF REVIEW

The Court reviews decisions of the Unemployment Insurance Appeal Board only to determine whether the decision is free from legal error and whether the Board's findings are supported by substantial evidence.[20] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[21] The Court's "review of a Board decision is limited to the record

---

[14] *Id.* at 5–8.
[15] Notice of Appeal, D.I. 1.
[16] *See generally* Harold Long's Opening Br., D.I. 11 ("Opening Br.").
[17] *See generally* the Division's Letter in Lieu of Answering Brief, D.I. 14 ("Division's Letter").
[18] *See generally* The Board's Answering Br., D.I. 15 ("Board's Answering Br.").
[19] *See generally* Harold Long's Reply Br., D.I. 16 ("Reply Br.").
[20] *Crews v. Sears Roebuck & Co.*, 2011 WL 2083880, at *2 (Del. Super. May 11, 2011) (quoting *Unemployment Ins. Appeals Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975)); *see also* 19 *Del. C.* § 3323(a).
[21] *Corbin v. Unemployment Ins. Appeal Bd.*, 2025 WL 786611, at *2 (Del. Super. Mar. 12, 2025) (quoting *Lorah v. Home Helpers, Inc.*, 21 A.3d 596, 2011 WL 2112739, at *2 (Del. May 26, 2011) (TABLE)).

below."[22]  The Court "does not independently weigh the evidence, determine questions of credibility[,] or make its own factual findings."[23]  A board's decision will not be disturbed unless there is an abuse of discretion.[24]

## DISCUSSION

In his Opening Brief, Mr. Long argues that it was error for the claims deputy to conclude that he did not exhaust his resources.[25]  The Board and the Division argue that the Board did not abuse its discretion by dismissing Mr. Long's appeal as untimely.[26]  In response, Mr. Long submits a screenshot to show that he timely filed an appeal to the Notice of Determination, averring that "the merit of [his] case is constantly being ignored due to emphasis on timeliness."[27]

As a preliminary matter, the Court will not consider the evidence proffered by Mr. Long in his Reply Brief because it is not in the record below.[28]  Otherwise, the Court finds that the Board's decision is free from legal error and supported by substantial evidence.

---

[22] *August v. People's Place II, Inc.*, 2022 WL 537405, at *2 (Del. Super. Feb. 23, 2022) (citing Super. Ct. Civ. R. 72(g)).

[23] *Corbin*, 2025 WL 786611, at *2 (quoting *Lorah*, 2011 WL 2112739, at *2) (internal quotation marks omitted).

[24] *August*, 2022 WL 537405, at *2 (quoting *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991)).

[25] Opening Br. at 1.

[26] *See generally* Division's Letter;  Board's Answering Br. at 3.

[27] Reply Br. at 1.

[28] *See August*, 2022 WL 537405, at *3 (citing *Hurtt v. Unemployment Ins. Appeals Bd.*, 2019 WL 1558585, at *1 (Del. Super. Apr. 10, 2019)).

## I. The Board correctly concluded that Mr. Long's appeal was untimely.

Under 19 *Del. C.* § 3318(b), a claimant must file an appeal of a claims deputy's determination "within 15 calendar days after such . . . determination was mailed to the claimant's and last employer's known address." Failure to file within the time limitation imposed by Section 3318(b) renders the claims deputy's determination a final decision.

Principally, the Notice of Determination was sent to Mr. Long and his former employer, Penske, complying with Section 3318(b). In addition, the timeframe is consistent with Section 3318(b) as the February 11, 2025 Notice of Determination notified Mr. Long that he had until February 26, 2025 to file a notice of appeal. The record indicates the Board did not receive the appeal until April 2025. While Mr. Long disputes that he filed his appeal before the deadline, he did not submit any evidence despite multiple opportunities to do so and was provided with instructions on how to properly file. Consequently, the Board's conclusion that Mr. Long did not file a timely appeal under Section 3318(b) is free form legal error and supported by substantial evidence.[29]

---

[29] *See e.g., Corbin*, 2025 WL 786611, at *3.

## II. The Board's decision not to consider the merits of Mr. Long's appeal was not an abuse of discretion.

"Statutory limits, such as the one outlined by 19 *Del. C.* § 3318(b), are 'jurisdictional in nature and failure to comply with [that] statutory requirement will prohibit the Board from accepting an appeal.'"[30] But the Board may exercise discretion under 19 *Del. C.* § 3320 to consider an untimely appeal where "severe circumstances" exist.[31] Generally, this requires a "showing of administrative error or . . . that the interests of justice requires the Board to take action."[32] In reviewing the Board's decision not to consider the merits of an untimely appeal, this Court is limited to whether the Board abused its discretion.[33]

First, Mr. Long does not demonstrate, and the record does not support, a finding that any administrative errors occurred. Mr. Long does not dispute that he received the Notice of Determination.

Second, the interests of justice do not require that the Board consider Mr. Long's untimely appeal. Section 3314(1) provides that an individual is disqualified from unemployment benefits if the individual "voluntarily [leaves work] without good cause attributable to such work[.]" "Good cause" is established in the

---

[30] *Corbin*, 2025 WL 786611, at *3 (quoting *Berry v. Mayor & Council of Middletown*, 2021 WL 839081, at *2 (Del. Super. Mar. 4, 2021)).

[31] *Berry*, 2021 WL 839081, at *2 (citing *Funk*, 591 A.2d at 225).

[32] *Id.* (citing *Flowers-Nichols v. Tri-State Waste Sols.*, 2011 WL 2176515, at *3 (Del. Super. May 31, 2011)).

[33] *Corbin*, 2025 WL 786611, at *3 (quoting *Berry*, 2021 WL 839081, at *2).

unemployment benefit context if: "(i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment."[34]

It appears from Mr. Long's Opening Brief that he is attempting to argue that his unemployment was involuntary on account of his department at Penske being "cancelled/reduced."[35] On this record, there is no evidence that Mr. Long's departure from Penske was anything other than voluntary. Mr. Long does not otherwise establish that good cause existed for voluntarily leaving his employment. Therefore, the Board did not abuse its discretion in declining to consider the merits of Mr. Long's untimely appeal of the Notice of Determination denying unemployment benefits.

## CONCLUSION

For the foregoing reasons, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_**/s/ Calvin Scott**_
Judge Calvin L. Scott, Jr.

---

[34] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 783 (Del. 2011).
[35] Opening Br. at 1; Reply Br. at 2.